N. W. HARDISON v. JOHN JONES AND HIS WIFE, CHARITY JONES.

(Filed 6 March, 1929.)

1. **Trial—Instruction—Objections and Exceptions.**

    Alleged error of the court in stating the contentions of a party must aptly be called to the attention of the judge with request for correction in order to be considered on appeal.

2. **Bills and Notes—Actions—Burden of Proof.**

    Where the execution of the note in suit is not admitted by defendant the burden of proof is on the plaintiff to show it.

3. **Appeal and Error — Review — Discretion of Court — Setting Aside Verdict.**

    A motion to set aside a verdict of the jury as being against the weight of the evidence is addressed to the sound discretion of the trial court, and is not reviewable on appeal.

APPEAL by plaintiff from *Nunn, J.,* at Fall Term, 1928, of PAMLICO. No error.

Action for judgment on notes and for foreclosure of mortgage securing same. Plaintiff alleged that both the notes and the mortgage were

executed by defendants. Defendant, Charity Jones, denies that she executed either the notes or the mortgage. She is the owner of the land described in the mortgage.

The first issue submitted to the jury was answered as follows:

"Did the defendant, Charity Jones, execute the notes and mortgages as alleged in the complaint? Answer: No."

The other issues, under the instructions of the court, were not answered by the jury.

From judgment on the verdict plaintiff appealed to the Supreme Court.

*Whitehurst & Bardin and Z. V. Rawls for plaintiff.*
*F. C. Brinson and Ward & Ward for defendant.*

PER CURIAM. Plaintiff's assignments of error on his appeal to this Court cannot be sustained. They are based:

(1) Upon an exception to the overruling of plaintiff's objection to a question addressed to a witness for defendant with respect to his knowledge of the general reputation of plaintiff. Plaintiff had testified as a witness on his own behalf. The witness replied that he did not know the general reputation of plaintiff.

(2) Upon an exception to a statement by the court in the charge to the jury of defendants' contention as to what a witness had testified to with respect to plaintiff's general reputation. The error, if any, was not called to the attention of the court, in apt time, with a request that the error be corrected. *S. v. Geurukus*, 195 N. C., 642, 143 S. E., 208.

(3) Upon an exception to an instruction of the court to the jury with respect to the burden of proof upon the first issue. The jury was properly instructed that the burden of proof upon this issue was on plaintiff. Defendant denied the execution of the notes and of the mortgage set out in the complaint. She did not admit their execution, and rely upon fraud or other defenses to plaintiff's recovery in this action.

There was no motion for judgment as of nonsuit, under C. S., 567. Plaintiff moved the court to set the verdict aside, for that same was against the weight of the evidence. This motion was addressed to the discretion of the trial court. Its refusal is not reviewable by this Court. *Wood v. R. R.*, 131 N. C., 48, 42 S. E., 462. The judgment must be affirmed. We find

No error.