ETTA EVANS v. IMPERIAL LIFE INSURANCE COMPANY.

(Filed 4 May, 1938.)

**1. Trial § 49: Appeal and Error § 37b—**

A motion to set aside a verdict as being against the weight of the evidence is addressed to the discretion of the trial court and is not reviewable, and an exception on the ground that the refusal of the motion was error as a matter of law is untenable.

**2. Same—**

A motion for a new trial on the ground that the verdict is contrary to the evidence is in the discretion of the trial court.

**3. Appeal and Error § 40a—**

An assignment of error to the signing of the judgment cannot be sustained when the judgment is supported by the verdict.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sinclair, J.,* at January Term, 1938, of WAKE. No error.

*Pou & Emanuel for plaintiff, appellee.*
*Thomas W. Ruffin for defendant, appellant.*

PER CURIAM. This is an action instituted by the beneficiary upon a policy of insurance, issued by the defendant upon the life of Lina Evans (Hamm), wherein was provided that "should death of the insured be caused by . . . disease of heart within one year from date of this policy . . . the liability of the company is limited to the amount of premium paid to and received by the company, and no more." The insured died within one year from the issuance of the policy.

The sole question for determination by the jury was whether the death of the insured was caused by a disease of the heart, which was submitted under an appropriate issue and was answered in the negative. From a judgment predicated upon the verdict the defendant appealed.

Evidence was introduced by both plaintiff and defendant in which there was little conflict of facts, but some conflict in expert opinions based upon the facts.

The assignments of error are (1) that the court erred in denying motion to set the verdict aside as a matter of law, upon the ground that all the evidence, taken in its most favorable light to the plaintiff, fails to substantiate the verdict of the jury, (2) that the court erred in overruling motion for new trial, and (3) the court erred in signing the judgment.

". . . a familiar principle of practice forbids a directed instruction in favor of the party upon whom rests the burden of proof. *Cox v. R. R.,* 123 N. C., 604; *House v. R. R.,* 131 N. C., 103, 105." *Yarn Mills v. Armstrong,* 191 N. C., 125. A motion to set aside a verdict as being against the weight of the evidence is addressed to the discretion of the court and is not reviewable. *Hardison v. Jones,* 196 N. C., 712. The granting of a new trial because the verdict is contrary to the evidence is in the discretion of the trial court. *Redmond v. Stepp,* 100 N. C., 212 (220). The judgment is supported by the verdict.

In the record we find

No error.

SEAWELL, J., took no part in the consideration or decision of this case.