IN THE MATTER OF PHILLIP A. ESCOFFERY, PRACTICING ATTORNEY OF
NORTH CAROLINA.

(Filed 16 June, 1939.)

1. **Attorney and Client § 11—Detention of money received in his profes-
   sional capacity without bona fide claim thereto is ground for disbar-
   ment of attorney.**

   Charges that an attorney, in his capacity as such, received from his
   client sums of money which he detained without *bona fide* claim thereto
   and that he was guilty of willful deceit or fraud involving unprofessional
   conduct in his dealings with the client *is held* to sufficiently charge ground
   for disbarment, and the evidence in support of the charges considered by
   the Council of the State Bar and submitted to the jury upon appeal to
   the Superior Court, was amply sufficient to support the verdict of the
   jury and the judgment of disbarment.

2. **Appeal and Error § 29—**

   Exceptions not set out in appellant's brief are deemed abandoned.
   Rule of Practice in the Supreme Court, No. 28.

3. **Trial § 49—**

   Motions to set aside the verdict as being against the weight of the evi-
   dence and motions for a new trial on the ground that the verdict is
   against the weight of the evidence are addressed to the discretion of the
   trial court and are not reviewable.

4. **Appeal and Error § 40a—**

   An exception to the signing of the judgment cannot be sustained when
   the judgment is supported by the verdict.

APPEAL by the respondent from *Spears, J.,* at October Term, 1938, of
DURHAM. No error.

*B. W. Parham and Edward L. Cannon for The North Carolina State
Bar, appellee.
R. O. Everett for respondent, appellant.*

SCHENCK, J.   This was a proceeding prosecuted by The North Caro-
lina State Bar against Phillip A. Escoffery, a practicing attorney of
North Carolina, for the disbarment of the said respondent, under
chapter 210, Public Laws 1933, secs. 11, *et seq.,* and acts amendatory
thereof. N. C. Code of 1935 (Michie), secs. 215 (11) *et seq.*

The respondent was duly furnished with a statement of the charges
against him to which statement he filed answer, and the cause came on
to be heard by a trial committee, which committee heard the evidence,
found the facts and concluded as a matter of law that the respondent was

"guilty of detention, without *bona fide* claim thereto, of moneys collected in the capacity of attorney," and was "guilty of willful deceit and fraud and unprofessional conduct, and has violated the canons of ethics of The North Carolina State Bar" and recommended "that the respondent be disbarred from the practice of law in the State of North Carolina."

The respondent duly excepted to the findings of fact and conclusions of law of the trial committee, and appealed to the Council of The North Carolina State Bar for trial upon issues tendered.

The cause came on for hearing before the Council of The North Carolina State Bar, at a regular quarterly meeting, upon report of the trial committee. After considering the entire record, and hearing counsel, the Council adopted the following resolution:

"Resolved, that the findings of fact and conclusions of law of the trial committee be affirmed and that the respondent Phillip A. Escoffery be and he is hereby disbarred from the practice of law in the State of North Carolina," and thereupon "ordered, adjudged and decreed that the said Phillip A. Escoffery be and he is hereby disbarred from the practice of law in the State of North Carolina."

To the foregoing judgment, signed by Chas. G. Rose, President of The North Carolina State Bar, the respondent excepted and appealed to the Superior Court.

The record was duly transmitted to the Superior Court of Durham County, and the cause came on for hearing before Spears, J., at the October Term, 1938, and was tried before a jury upon the following issues:

"1. Did Phillip A. Escoffery, in his capacity as attorney at law, receive from his client, Robert Lee Jeffers, the sum of $350.00, and detain without a *bona fide* claim thereto the said sum or any part thereof?

"2. Did Phillip A. Escoffery, in his capacity as attorney at law, receive from his client, Robert Lee Jeffers, the sum of $3.75 and detain without a *bona fide* claim thereto the said sum?

"3. Was Phillip A. Escoffery guilty of any willful deceit or fraud involving unprofessional conduct in his dealings with his client, Robert Lee Jeffers?"

The jury answered each of the issues in the affirmative. Whereupon the court entered judgment "that the respondent Phillip A. Escoffery be and he is hereby disbarred from the practice of law in the State of North Carolina." From this judgment the respondent appealed to the Supreme Court.

The respondent in this Court entered a demurrer *ore tenus* to the statement of charges upon which he was tried for that such statement

failed to state facts sufficient to constitute the cause or causes of action indicated by the issues submitted. This demurrer cannot be sustained.

Relative to the $350 mentioned in the first issue the statement of charges alleges, *inter alia,* "that the said Escoffery has kept and appropriated the said sum of $350, received by him as aforesaid, to his own use and purposes. That the acts and conduct of the said Escoffery, as hereinbefore set out, were and are in violation of law and in direct violation and contravention of the canons of ethics of The North Carolina State Bar in that the said Escoffery, (a) has committed a criminal offense, showing professional unfitness; (b) has detained without a *bona fide* claim thereto property received in the capacity of attorney; (c) has been guilty of unlawful deceit, fraud and unprofessional conduct; (d) has detained without a *bona fide* claim thereto property received in a fiduciary capacity; (e) has violated the canons of ethics adopted and promulgated by the Council of The North Carolina State Bar."

The $3.75 mentioned in the second issue was a portion of the $63.75 referred to in Charge No. 2, by the following words: ". . . and appropriated the balance, to wit, the sum of $63.75 to his own use and purposes. That the acts and conduct of the said Escoffery, as hereinbefore set out, were and are in violation of law and in direct violation and contravention of the canons of ethics of The North Carolina State Bar, in that the said Escoffery (a) has detained without a *bona fide* claim thereto property received in the capacity of attorney; (b) has detained without a *bona fide* claim thereto property received in a fiduciary capacity; (c) has been guilty of unprofessional conduct; (d) has violated the canons of ethics which have been adopted and promulgated by the Council of The North Carolina State Bar."

These allegations clearly constitute causes of action and likewise support the issues submitted.

The evidence taken before the trial committee, and considered by the Council, and submitted to the jury in the Superior Court was amply sufficient to support the verdict. In fact, the exceptions to the refusal of the court to sustain the demurrer to the evidence were abandoned by the respondent in that he failed to set them out in his brief. Rule 28, Rules of Practice in the Supreme Court, 213 N. C., 825.

There are three assignments of error. (1) The refusal of the court to set aside the verdict as being against the greater weight of the evidence. (2) Refusal to grant a new trial on the ground that the verdict is contrary to the weight of the evidence. (3) The signing of the judgment as appears in the record.

A motion to set aside a verdict as being against the weight of the evidence is addressed to the discretion of the court and is not reviewable.

*Hardison v. Jones,* 196 N. C., 712. The granting of a new trial upon the ground that the verdict is contrary to the evidence is likewise in the discretion of the trial court and not reviewable. *Redmond v. Stepp,* 100 N. C., 212 (220). An exception to the signing of the judgment cannot be sustained when the judgment is supported by the verdict, *Evans v. Ins. Co.,* 213 N. C., 539. The verdict in this case supports the judgment signed.

On the record we find

No error.