## LULA QUERY v. GATE CITY LIFE INSURANCE COMPANY.

(Filed 30 October, 1940.)

**1. Appeal and Error § 37b—**

A motion at trial term to set aside a verdict as contrary to the weight of the evidence is addressed to the discretion of the trial court, and its decision thereon is not subject to review on appeal.

**2. Appeal and Error § 40a—**

An exception to the signing of the judgment presents only the question of whether error appears on the face of the record, and the exception must fail when the judgment is supported by the record.

APPEAL by defendant from *Ervin, Special Judge,* at February Term, 1940, of CABARRUS.

Civil action to recover on contract of insurance.

It is admitted that on 28 February, 1938, the defendant duly issued a $500 policy of insurance on the life of Mary Dorton, payable to the plaintiff as beneficiary, and that it was in force at the date of the death of the insured, 19 February, 1939.

The defendant denied liability under the following provision in the policy: "No benefits will be paid for death resulting within two years from . . . intemperance."

The medical certificate of death gives "Alcoholic intoxication" as the cause of death, while the coroner's certificate recites "Acute alcoholism" as one of the "Contributory causes of importance not related to principal cause." C. S., 7111; *Rees v. Ins. Co.,* 216 N. C., 428, 5 S. E. (2d), 154.

The jury answered the issue in favor of the plaintiff, and from judgment thereon, the defendant appeals, assigning errors.

*R. Furman James for plaintiff, appellee.*
*Hartsell & Hartsell for defendant, appellant.*

STACY, C. J.   It is asserted that the court erred in two respects, (1) in refusing to set aside the verdict as against the weight of the evidence, and (2) in signing the judgment.

First.   Speaking to the action of the trial court in refusing to enter judgment on a verdict which the court had theretofore set aside, in its discretion, as contrary to the weight of the evidence, it was said in *Goodman v. Goodman,* 201 N. C., 808, 161 S. E., 686: "Rulings of the Superior Court on matters addressed to the court's discretion, *e.g.,* . . . determination of motion at trial term to set aside verdict as contrary to the weight of the evidence, . . . which involve no question of law or legal inference, are not subject to review on appeal." In addition to the authorities there cited and as further illustrative of the rule, see *Evans v. Ins. Co.,* 213 N. C., 539, 196 S. E., 814; *Bank v. Shuford,* 204 N. C., 796, 169 S. E., 226; *Hardison v. Jones,* 196 N. C., 712, 146 S. E., 804.   *Cf. Likas v. Lackey,* 186 N. C., 398, 119 S. E., 763.

Second.   The imputed error "in signing the judgment" presents only the question whether error appears on the face of the record.   *In re Escoffery,* 216 N. C., 19, 3 S. E. (2d), 425; *Moreland v. Wamboldt,* 208 N. C., 35, 179 S. E., 9; *Dixon v. Osborne,* 201 N. C., 489, 160 S. E., 579; *Smith v. Mineral Co.,* 217 N. C., 346.   Obviously the judgment is supported by the record.   Hence, the exception must fail.   *Ingram v. Mortgage Co.,* 208 N. C., 329, 180 S. E., 594; *Warren v. Bottling Co.,* 207 N. C., 313, 176 S. E., 571; *Wilson v. Charlotte,* 206 N. C., 856, 175 S. E., 306.

No error.