## VIRGINIA BELL SWINK v. P. W. HORN.

(Filed 20 November, 1946.)

**1. Ejectment § 1—**

Where the premises is located in an area subject to Federal Rent Control, plaintiff in summary ejectment must show not only the existence of the relationship of landlord and tenant, expiration of term and notice to quit, but also compliance with the regulations promulgated pursuant to the Emergency Price Control Act. 50 U. S. C. A., Appendix 902.

**2. Appeal and Error § 40a—**

An exception to the judgment rendered by the judge in a trial by the court under agreement of the parties presents the sole question whether the facts found support the judgment, and does not question any particular finding by the court.

**3. Appeal and Error § 40d—**

The findings of fact made by the court in a trial by the court by agreement are conclusive on appeal if supported by any competent evidence.

**4. Ejectment § 7—**

Plaintiff's evidence of notice given and received to vacate the premises *held* sufficient both under the State law and the Rent Control Regulations to overrule defendant's motion to nonsuit on this ground.

**5. Ejectment § 3—**

Under section 6 (a) (6) of Amendment 67 to Housing Regulations under the Emergency Price Control Act, "immediate" means "without delay," "compelling" means "to drive or urge with force," and "necessity" imports that which is unavoidable or the negation of freedom but does not in law mean essential to existence; and the phrase "immediate, compelling necessity" means a situation imperatively requiring relief, or a course of action impelled by uncontrollable circumstances, and mere convenience or preference for the premises as a residence by the owner is insufficient.

**6. Trial § 22a—**

On motion to nonsuit, the plaintiff's evidence is to be taken in the light most favorable for her, and she is entitled to the benefit of every reasonable intendment thereon and every inference properly to be drawn therefrom.

**7. Ejectment § 7—**

Plaintiff's evidence that she was seeking occupancy of the apartment owned by her for her own use as a residence in order to take care of her aged mother who was critically ill and lived in the apartment immediately under the premises in suit, with evidence of her good faith in that she had offered to permit defendant to retain possession if he would yield her two rooms so that she might be near her mother, *is held* sufficient on the question of "immediate, compelling necessity" for personal occupancy to sustain judgment of the court overruling defendant's motion to nonsuit.

Appeal by defendant from *Hamilton, Special Judge,* at May Term, 1946, of Mecklenburg. Affirmed.

This was a summary ejectment proceeding to recover possession of an apartment and to remove the defendant tenant therefrom, begun in the court of a justice of the peace, and heard on appeal in the Superior Court.

On the hearing in the Superior Court jury trial was waived and by consent the judge heard the evidence, found the facts and rendered judgment thereon as follows:

"1. That the plaintiff is the owner of an apartment house at 907 Ardsley Road, in the City of Charlotte, and the defendant has been occupying apartment No. 4 therein since some time in 1942 on a monthly tenancy, running from the first of one month to the first of the next month.

"2. That on January 29, 1946, the plaintiff wrote the defendant a letter, notifying him to vacate said apartment, for the reason that she had a compelling necessity for said apartment for use and occupancy by herself and family, and that she would move from China Grove, N. C., into said apartment on March 1, 1946, and that she was seeking in good faith to recover possession of said apartment for use and occupancy by herself and family; that the plaintiff sent a copy of said letter to the OPA Rent Office in Charlotte, N. C., and complied with the OPA Rent

Regulations with reference to said notice; that said letter bore the postmark date of January 30, 1946, at Charlotte, N. C., but the defendant did not receive it until February 1, 1946; that a few days prior to January 29, 1946, the plaintiff told the defendant in person that she would have to have said apartment for her own use on March 1, 1946, and that he would have to vacate it on that date, in order that she could move into it, and told him that she was writing him a letter to that effect; that said verbal notice and the letter constituted a sufficient notice to the defendant to vacate said apartment on or by March 1, 1946.

"3. That sometime in April, 1946, the plaintiff instituted this action before a Justice of the Peace to evict the defendant and from the result of the trial in that court, the defendant appealed to the Superior Court, and by agreement of counsel for the plaintiff and the defendant, the defendant continued to pay the rent wtihout prejudice to the rights of the plaintiff to recover possession of said apartment, and that in consequence of said agreement the defendant has paid the rent through May 31, 1946.

"4. That the plaintiff does have a compelling necessity for said apartment for use and occupancy by herself and family and she is seeking in good faith to recover the possession thereof.

"5. That the rent which the defendant has been paying to the plaintiff for said apartment is $90.00 per month."

It was thereupon adjudged that plaintiff was entitled to the immediate possession of the apartment, and that defendant be removed therefrom.

The defendant excepted to the judgment, and appealed to the Supreme Court.

*J. C. Sedberry for plaintiff, appellee.*
*O. W. Clayton for defendant, appellant.*

DEVIN, J.   It was admitted that the plaintiff's apartment house from which she sought by this proceeding to evict the defendant was located within an area subject to Federal Rent Control. Hence it was necessary for the plaintiff to show not only the relationship of landlord and tenant, expiration of term and notice to quit, in order to secure possession, but also to show compliance with the regulations promulgated pursuant to the Emergency Price Control Act of 1942, as amended 30 June, 1945 (50 U. S. C. A., Appendix 902). It was said in *McGuinn v. McLain,* 225 N. C., 750, 36 S. E. (2d), 377, "So long as the Rent Control Act is effective in a particular locality, a landlord who owns rental property therein and subject to the provisions of the Act, cannot assert under the local law any right in conflict with said Act." *Myers v. Rust,* 134 F. (2), 417.

Upon the evidence offered at the trial, it was found by the court below that plaintiff had prosecuted this proceeding in accordance with the State law and in compliance with the Rent Control regulations, and upon these findings it was adjudged that plaintiff was entitled to the immediate possession of the premises. The defendant's appeal from the judgment brings the case to this Court for decision only on the questions properly raised by the defendant's exceptions duly noted in the trial below.

In the Superior Court jury trial was waived and it was agreed that the judge should hear the evidence, find the facts and render judgment thereon. The defendant's exception to the judgment therefore presents only the question whether the facts found were sufficient to support the judgment. *Mfg. Co. v. Lumber Co.,* 178 N. C., 571, 101 S. E., 214; *Best v. Garris,* 211 N. C., 305, 190 S. E., 221; *In re Escoffery,* 216 N. C., 19, 3 S. E. (2d), 425; *Jones v. Griggs,* 219 N. C., 700, 14 S. E. (2d), 836.

It was said in *Fox v. Mills, Inc.,* 225 N. C., 580, 35 S. E. (2d), 869: "The effect of an exception to the judgment is only to challenge the correctness of the judgment, and presents the single question whether the facts found are sufficient to support the judgment." *Crissman v. Palmer,* 225 N. C., 472 (475), 35 S. E. (2d), 422; *Query v. Ins. Co.,* 218 N. C., 386, 11 S. E. (2d), 139. In the case at bar no particular finding was questioned by the exception noted. *Rader v. Coach Co.,* 225 N. C., 537, 35 S. E. (2d), 609. Findings of fact made by the judge are conclusive on appeal if supported by any competent evidence. *Odom v. Palmer,* 209 N. C., 93 (98), 182 S. E., 741.

However, the defendant duly noted exception to the denial of his motion for judgment of nonsuit. This motion was based upon two grounds: (1) that plaintiff had failed to show proper notice to defendant to vacate the premises; and (2) that there was no evidence to show an "immediate compelling necessity" to recover possession of the premises for the personal use and occupancy of the plaintiff.

1. Defendant's motion on the first ground was properly denied. Notice to vacate both under the State law and under Rent Control Regulations was shown to have been given and received by defendant. Copy of the written notice was sent the Rent Control Board, and also notice of the institution of this proceeding in court for summary ejectment.

2. The reasons assigned by plaintiff for desiring personal occupancy of the apartment she owned was that she needed the apartment in order to be near her aged mother who was critically ill in the apartment immediately beneath the one withheld by the defendant. In her testimony she described in detail the circumstances of herself and family, and the critical condition of her mother as tending to show the urgency of her need for the apartment, and the immediate .compelling necessity to

recover possession thereof for her personal occupancy. As evidence of her good faith she testified she offered to permit the defendant to retain five rooms of the seven-room apartment if he would yield her two rooms, with partition between to be erected by her. This offer the defendant refused. The court found that the plaintiff was acting in good faith and had a compelling necessity for personal occupancy of the apartment. *Nofree v. Leonard,* 327 Ill. App., 143.

Under section 6 (a) (6) of Amendment 67 to Housing Regulations under the Emergency Control Act, effective 15 September, 1945 (10 Fed. Reg. 11666), it was incumbent upon the plaintiff, the owner of the premises, in seeking to recover possession, to offer evidence not only that she sought in good faith to recover possession of such premises for use and occupancy as a dwelling for herself, but also to show an immediate compelling necessity to recover possession thereof for that purpose. If she has offered any competent evidence tending to establish these essential facts, this would be sufficient to withstand the motion for nonsuit, and to support the finding upon which the judgment below was predicated.

The phrase "immediate compelling necessity" associates three words which import both urgency and compulsion. Immediate means without delay. Compelling is the present participle of the verb compel—literally to draw together—meaning to drive or urge with force, *Hammond v. Marcely,* 58 N. Y. S. (2), 565, and signifies something overpowering, admitting of no choice. Necessity usually imports negation of freedom, that which is unavoidable, offering no other course, but the word has varying degrees of meaning and is not restricted in law to that which is absolutely essential to existence. *Storm v. Wrightsville Beach,* 189 N. C., 679, 128 S. E., 17; *M'Culloch v. Maryland,* 4 Wheat., 316 (414); *Boland v. Beebe,* 62 N. Y. S. (2), 8. The phrase is descriptive of a situation imperatively requiring relief, or a course of action impelled by uncontrollable circumstances.

Applying these definitions to the evidence in the record before us, it would seem that the plaintiff must have been prompted by a more potent motive than mere convenience, or a preference for this apartment as a place of residence. She must have been driven to this course by the urgent and imperative need to be in position to render prompt and essential service to her aged mother in her critical illness.

On the motion for nonsuit, the plaintiff's evidence is to be taken in the light most favorable for her, and she is entitled to the benefit of every reasonable intendment thereon and every inference properly to be drawn therefrom. *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356; *Cole v. R. R.,* 211 N. C., 591, 191 S. E., 353.

Applying this rule in considering the defendant's motion for judgment of nonsuit on the evidence offered in the trial, we do not think too strict.

an.interpretation should be applied which would deprive the owner of the right of personal occupancy of her own premises, when sought in good faith, and under circumstances which reasonably may be regarded, when viewed in the light most favorable for her, as constituting "immediate compelling necessity."

"Where fair and impartial minds may draw different conclusions from the evidence, though there be no conflict therein, the conclusions drawn by the trial court must be sustained on appeal." *Spreckels v. San Francisco,* 244 Pac., 919 (923).

We think there was evidence to support plaintiff's contentions, and that the motion for nonsuit was properly denied.

We note that neither the Price Administrator, nor the local Rent Control Board, though duly notified, has intervened here, or sought to restrain plaintiff's action. *Bowles v. Hall,* 63 F. Supp., 826.

For the reasons stated the judgment is

Affirmed.