N. C. RHODES, ADMR., v. CITY OF ASHEVILLE, ET AL.

(Filed 13 October, 1948.)

**1. Appeal and Error § 40f—**

Where there is but a single exception and assignment of error relating to the ruling of the court upon motion to strike certain portions of the complaint as irrelevant, the appeal presents only the question of whether the record is sufficient to uphold the judgment, and when the judgment is supported by the record, the exception must fail.

**2. Appeal and Error § 7: Pleadings § 15—**

Where there is no demurrer, the sufficiency of the complaint to state a cause of action is not presented for review.

APPEAL by defendants from *Pless, J.,* in chambers at Marion, 14 February, 1948.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect or default of the defendants.

The complaint alleges that the defendants are municipal corporations; that in their proprietary right, they own and operate the Asheville-Hendersonville Airport; that on the morning of 7 August, 1947, about 2:30 a.m., plaintiff's intestate presented himself at the airport as a potential passenger and was negligently and wrongfully shot and killed by the agent, servant and employee of the defendant in charge of the premises, who was on duty as night watchman at the time; whereupon plaintiff demands damages.

Prior to filing demurrer or answer, the defendants moved to strike out certain portions of the complaint as irrelevant, redundant and prejudicial. The motion was allowed in part and overruled in part.

From this ruling, the defendants "excepted . . . and assign error for that, as defendants contend, the said order . . . was contrary to law and the court erred in rendering said order." On this exception and assignment of error, the defendants appeal.

*R. L. Whitmire and James P. Mozingo for plaintiff, appellee.*

*Edwin S. Hartshorn, Arthur Shepherd, L. B. Prince, and Robert W. Wells for defendants, appellants.*

STACY, C. J. The appeal is here on a single exception and assignment of error. Hence, the matter for determination is the sufficiency of the record to uphold the judgment. *Wilson v. Charlotte,* 206 N. C., 856, 175 S. E., 306.

Apparently the briefs seek to join issue on governmental immunity, *Gentry v. Hot Springs,* 227 N. C., 665, 44 S. E. (2d), 85, but this is not the question which the trial court decided. We are precluded from considering the sufficiency of the complaint to state a cause of action in the absence of a challenge by demurrer. Moreover, it is alleged that the defendants are operating the facility in their corporate, rather than governmental, capacity.

The only question presented is the sufficiency of the record to sustain the judgment. *Lea v. Bridgeman,* 228 N. C., 565, 46 S. E. (2d), 555; *King v. Rudd,* 226 N. C., 156, 37 S. E. (2d), 116; *Query v. Ins. Co.,* 218 N. C., 386, 11 S. E. (2d), 139. Obviously, the judgment is supported by the record. Hence, the exception must fail on appeal. *Brown v. Truck Lines,* 227 N. C., 65, 40 S. E. (2d), 476; *Rader v. Coach Co.,* 225 N. C., 537, 35 S. E. (2d), 609.

Affirmed.