STATE EX REL. EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA v. I. W. ROBERTS, CLAIMANT, 224 NORTH CLAY STREET, SALISBURY, NORTH CAROLINA, S. S. No. 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, KLUMAC COTTON MILLS, INC., EMPLOYER, SALISBURY, N. C.

(Filed 13 April, 1949.)

**1. Master and Servant § 62—**

The findings of fact by the Employment Security Commission as to the eligibility of a claimant to benefits under the Act, are conclusive when supported by any competent evidence. G.S. 96-4 (m).

**2. Master and Servant § 60—**

Evidence that during a period of six months, claimant's efforts to obtain employment, in addition to reporting to employment service office, were limited to two occasions at one mill and one occasion at each of two other mills, is sufficient to sustain the Commission's finding that he had failed to show he had been actively seeking work within the purview of G.S. 96-13 (c).

**3. Master and Servant § 61—**

The Chairman of the Employment Security Commission is vested with all authority of the Commission, G.S. 96-4 (a), when the commission is not in session, and where it appears that the claim was heard on appeal by the Chairman, and that claimant appealed therefrom "to the full Commission or to the Superior Court," the hearing of the appeal by the Superior Court is accordant with statute, G.S. 96-15.

**4. Appeal and Error § 40a—**

A sole exception to the judgment and to the signing of same, presents only whether the record sustains the judgment.

APPEAL by claimant Roberts from *Patton, Special Judge,* October Term, 1948, of ROWAN.    Affirmed.

The claim of I. W. Roberts for benefits from the unemployment compensation fund was examined by the Employment Security Commission and denied.

Evidence in support of this claim was heard by Claims Deputy Clark, and, on appeal from adverse ruling, by Appeals Deputy Proctor (two hearings), and by the Chairman of Employment Security Commission. In each instance claimant was held ineligible for benefits under the Act. G.S. 96-1, *et seq.*   Among other things it appeared that claimant expressed his unwillingness to accept work on second or night shift.    On the final hearing the Commission found that claimant Roberts was separated from employment by the Klumac Mills, Inc., 25 September, 1947; that claims for benefits under the Act were filed beginning 14 October, 1947, and up to time of final decision 25 May, 1948; that the claimant had during that period of six months in addition to reporting to employment service office made effort to obtain employment at Cannon Mills, Kannapolis, on two occasions, at Old Mill, China Grove, once, and at Klumac Mills once.    The Commission concluded from the facts found that claimant had failed to show that he had been "actively seeking work" within the purview of the statute, G.S. 96-13 (c), and decided that he was ineligible for benefits during the period referred to and until he should show that the reasons for his ineligibility no longer existed.    Claimant through counsel appealed "to the full commission or to the Superior Court" and stated he wished "to base this appeal upon your (Commission's) finding of fact."    The case was thereupon sent to the Superior Court for hearing and was there heard.    In the Superior Court it was held that the findings of fact of the Commission were supported by competent and substantial evidence, and the decision of the Commission was in all respects affirmed.

Claimant excepted "to the foregoing judgment and the signing of the same," and appealed to this Court.

*W. D. Holoman, R. B. Overton, R. B. Billings, and D. G. Ball for appellee.*

*C. P. Barringer for claimant, appellant..*

DEVIN, J.   By statute the determination of the Employment Security Commission as to the eligibility of a claimant for benefits under the Act is made "conclusive and binding as to all questions of fact supported by any competent evidence."   G.S. 96-4 (m); *Unemployment Compensation Com. v. Willis,* 219 N.C. 709, 15 S.E. 2d 4; *Graham v. Wall,* 220 N.C. 84, 16 S.E. 2d 456.   An examination of the evidence in the record

in this case leads to the conclusion that the court below ruled correctly that the findings and decision of the Commission were supported by competent evidence. The finding of fact that this claimant had not shown he had been actively seeking work during the period referred to was supported by the evidence and must be held conclusive as to the questions of fact involved. The court's affirmance of the conclusion based thereon will be upheld. By statute, G.S. 96-13 (c), an unemployed individual is eligible for benefits only if the Commission finds he is able to work and available for work, but he is not to be deemed available for work unless he establishes to the satisfaction of the Commission that he is actively seeking work. The procedure here followed as to hearings and appeals seems to have been in accordance with the statute. G.S. 96-15.

Appellant complained here that he did not have a hearing on his appeal from the chairman to the full commission, but we note his appeal in this instance was in the alternative, to the full commission or to the Superior Court. By G.S. 96-4 (a) the Chairman of the Commission, except as otherwise provided by the Commission, is vested with all authority of the Commission, including authority to conduct hearings and make decisions when the Commission is not in session.

However, as the claimant's only exception was to the judgment and the signing of the same, the only question presented is the sufficiency of the record to sustain the judgment. *Query v. Ins. Co.,* 218 N.C. 386, 11 S.E. 2d 139; *Crissman v. Palmer,* 225 N.C. 472, 35 S.E. 2d 422; *Roach v. Pritchett,* 228 N.C. 747, 47 S.E. 2d 20; *Lea v. Bridgeman,* 228 N.C. 565, 46 S.E. 2d 555; *Rhodes v. Asheville,* 229 N.C. 355, 49 S.E. 2d 638.

The judgment of the Superior Court is accordingly
Affirmed.