In The Matter of: ROY C. SOUTHERN, Sr. S. S. No. 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 Employee, and others CONE MILLS CORPORATION WHITE OAK PLANT, PROXIMITY PLANT, Greensboro, N. C., EDNA PLANT, Reidsville, N. C.

and

EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

(Filed 10 January, 1958.)

1. **Master and Servant § 62—**

The findings of fact of the Employment Security Commission in a hearing before it are conclusive when supported by any evidence. G.S. 96-15 (i).

**2. Master and Servant § 60—**

Evidence that the employer shut down its mills for the week ending 30 December and posted notices advising the employees when work would cease and when the employees would be expected to return to their jobs, *is held* to support the Commission's finding that the week was a vacation week within the purview of G.S. 96-13(c).

**3. Same—**

Where an employer, in addition to one week paid vacation provided for in the contract, shuts down its plant for an additional week of vacation during the Christmas period, its employees are not entitled to unemployment compensation for the additional week. G.S. 96-13(c).

**4. Same—**

An employer has the inherent right to determine its vacation policy, and an agreement between it and its employees for one week paid vacation between stipulated dates does not circumscribe the employer's right to suspend work for an additional week during the year without conferring on its employees the right to claim unemployment benefits for the second week of vacation.

APPEAL by Roy C. Southern, Sr., employee, and others, from *Rousseau, J.,* June 10, 1957 Civil Term of GUILFORD (Greensboro Division).

Appellants, employees of Cone Mills, filed claims with the Employment Security Commission seeking payment of benefits for the week ending 30 December 1956. The right of the employees to benefits claimed being questioned, the matter was referred to a deputy for hearing as provided by G.S. 96-15 (b)(2).

The deputy held a hearing. The employer and employees offered evidence. The deputy found these facts: Cone Mills is engaged in manufacturing cotton goods in fourteen plants in North Carolina. Among these plants are White Oak and Proximity at Greensboro and Edna at Reidsville. It had approximately 4,000 employees at these three plants. These employees are claimants in this cause. On 7 December 1956 Cone Mills posted on the bulletin board of its Edna Plant a notice advising the employees at that plant it would be closed for Christmas holidays beginning at 11:00 p.m. 21 December and continuing until 11:00 p.m. 1 January 1957. On 10 December 1956 Cone Mills posted on the bulletin boards of its White Oak and Proximity Plants notices advising the employees at those plants that those plants would be closed from 11:00 p.m. on 21 December 1956 until 11:00 p.m. 1 January 1957 for "Christmas-New Year Vacation Period." The plants were closed during the period indicated for the "Christmas-New Year Vacation Period," and claimant employees were unemployed during the week ending 30 December 1956 by reason of such vacation.

18—247

During 1956 these plants were closed for a vacation period from 23 July to 30 July, pursuant to a contract with the bargaining agent of the employees. No other vacation had been granted by the employer at any of these plants during 1956.

Following the designated "Findings of fact" summarized above are "Reasons and Conclusions of Law": "(e) From the findings of fact above set forth it is shown that the employer closed its three plants involved during the period indicated for a Christmas vacation or holiday; thus under the provisions of the Employment Security law such individuals cannot be considered available for work during such period, if it appears that such individuals have not, prior to the period in question, been granted as much as two weeks vacation. . . .

"The employees contend that this particular period granted during the Christmas Holiday season was not in fact a vacation, but that the plants were closed for economic reasons; namely, a shortage of orders.

"The word 'vacation' as used in the Employment Security Law is not defined in such law with any specific meaning. Therefore, we must apply the usual, ordinary definition of the word. In the case of IN RE DAUBER, 30 A. 2d 214, 216, 151 Pa. Super. 293, the Court said: ' "Vacation" implies a recess or leave of absence, a respite from active duty, an intermission or rest period during which activity or work is suspended. It is a period of freedom from duty, but not the end of employment.'

"(g) 'It is the conclusion of the undersigned that in this case a vacation was granted by the employer, in that the employees were notified when work would cease and when they would be expected to return to their jobs; thus, it appears to the undersigned that this was a respite or time of respite from active duty and was a period of freedom from duty, but not the end of employment.' "

After referring to statutory changes made in 1949, the deputy concludes: " 'UNDER THE PROVISIONS OF THE LAW IT IS THE PREROGATIVE OF THE EMPLOYER TO GRANT A VACATION AT ANY TIME IT SEES FIT.' However, no individual can be disqualified or declared ineligible for benefits by reason of a vacation period if it appears that such individual has already been granted two weeks vacation in the calendar year."

On his findings and conclusions the deputy decided that claimants, employees, were not entitled to benefits for the week claimed.

The Commission reviewed the deputy's findings, conclusions, and decisions; adopted as its own his findings and conclusions, and affirmed the decision. Claimants excepted to each finding

of fact, each conclusion, and appealed. The decision of the Commission was affirmed by the Superior Court. Claimants appealed.

*Robert S. Cahoon for employee appellants.*
*Brooks, McLendon, Brim & Holderness for employer appellee.*
*W. D. Holoman, R. B. Billings, and D. G. Ball for Employment Security Commission, appellee.*

RODMAN, J. The Legislature in its discretion has made the findings of fact by the Commission conclusive when supported by any evidence. G.S. 96-15(i). The validity of this section has been consistently recognized and effect given thereto. *In re Stevenson*, 237 N.C. 528, 75 S.E. 2d 520; *In re Employment Security Com.*, 234 N.C. 651, 68 S.E. 2d 311; *Employment Security Com. v. Jarrell*, 231 N.C. 381, 57 S.E. 2d 403; *Employment Security Com. v. Roberts*, 230 N.C. 262, 52 S.E. 2d 890; *Employment Security Com. v. Kermon*, 232 N.C. 342, 60 S.E. 2d 580; *In re Steelman*, 219 N.C. 306, 13 S.E. 2d 544.

The employment manager for Cone testified: "We did have a shutdown at our plants at White Oak, Proximity, and Edna on the week ending December 30, 1956. That was vacation week. We did notify the employees ahead of time that would be a vacation week." Copies of the notices posted on the bulletin boards were offered in evidence. There was other evidence to support the Commission's findings. Hence they are conclusive and the exceptions taken thereto have no merit.

Do the findings justify the legal conclusion and support the decision denying compensation? We think the statute granting benefits for unemployment requires an affirmative answer. G.S. 96-13 provides: "An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds that: . . . (c) He is able to work, and is available for work: . . . Provided further, however that effective January 1, 1949, no individual shall be considered available for work for any week not to exceed two in any calendar year in which the Commission finds that his unemployment is due to a vacation."

As originally enacted, the statute contained no provision restricting the payment of benefits when work was suspended to give employees a vacation. S. 4, c. 1, P.L. Ex. Sess. 1936. The 1943 Legislature inserted two restrictions on the right of an unemployed individual to draw compensation benefits. It denied benefits for a period of three months prior and a like period subsequent to the birth of a child to such individual. S.L. 1943, c. 377, s. 5. That same section also "Provided further, however, that no individual shall be considered available for work for any week, not to exceed two in any benefit year, in

which the commission finds that his unemployment is due to a customary and well established vacation. This provision shall apply only if it is found by the commission that employment will be available to him at the end of such vacation." The provision that the vacation should be "customary and well established" proved objectionable to employers and employees. The Commission found it difficult of administration. The Commission recommended, and the Legislature in 1949 rewrote the provision with respect to the vacation to read as it presently exists. The language of the statute, when read and understood in the light of its history, we think demonstrates as the Commission says that the time for vacation was, if not fixed by agreement of the parties, to be determined by the employer.

The employer and its employees may by contract fix the date or dates for the vacation. Vacation may be one two-week period or two one-week periods. The statute does not prescribe; it merely limits the total vacation period for which an employee is ineligible for compensation to a total of two weeks.

"Under our system of private enterprise an employer in general may operate his business as he sees fit, in the absence of restrictions imposed in a collective bargaining agreement. One of an employer's inherent rights is to determine vacation policy in his own business particularly as to whether vacations shall be on a staggered basis or whether the plant shall be shut down so that the employes may enjoy their vacations all at the same time." *Philco Corp. v. Unemployment Compensation Bd. of R.*, 105 A. 2d 176 (Pa.).

The week which includes Christmas cannot be said to be an inappropriate time for a vacation. The announced purpose for suspension of work and the period of suspension conformed to accepted definitions of a vacation. *Kelly v. Administrator, Unemployment Comp. Act*, 72 A. 2d 54 (Conn.) ; *Mattey v. Unemployment Compensation Board of Review*, 63 A. 2d 429 (Pa.) ; *In re Dauber*, 30 A. 2d 214 (Pa.) ; *Gutzwiller v. American Tobacco Co.*, 122 A. 586 (Vt.) ; 91 C.J.S. 774.

Employer and the union representing its employees agreed that the employer would provide its employees one week's vacation with pay between 1 June and 1 September. This agreement does not purport to enlarge or diminish employees' right to compensation benefits nor could it do so. *Neff v. Board of Review, Etc.*, 117 N.E. 2d 533 (Ohio). The agreement does not undertake to fix the time for the second week of vacation permitted by statute.

The employer had a right by statute to suspend work for a total of two weeks for vacation without conferring on his employees a right to claim benefits on account of unemployment.

The Commission has found that the employer exercised its right and suspended work during Christmas week to give its employees a vacation at that time. The purpose of the employer in suspending work at that time was a question of fact which has been resolved by the Commission. The findings made by the Commission, supported as they are by evidence, are conclusive. These findings require a denial of the right to the benefits claimed.

The judgment is
Affirmed.