CRAIN & DENBO, INC. v. HARRIS & HARRIS CONSTRUCTION COMPANY, INC., AND AETNA INSURANCE COMPANY.

(Filed 30 June, 1960.)

**1. Abatement and Revival § 8—**

An action by a subcontractor against the main contractor and the owner for breach of the subcontract is ground for abatement as to the subcontractor in a subsequent action by the main contractor against the subcontractor and the surety on the subcontractor's bond, based upon breach of the same contract.

**2. Same—**

An action by the subcontractor against the main contractor and the owner for breach of the construction contract is not ground for abatement as to the surety on the subcontractor's bond in the subsequent action instituted by the main contractor against the subcontractor and the surety, in which the surety and the subcontractor set up, respectively, a counterclaim for breach of the same contract, and the surety also alleges that it was induced to sign the surety bond by the false and fraudulent representations of the main contractor and the subcontractor, since the surety is not a party to the prior action.

**3. Principal and Surety § 2—**

Where the performance bond of a subcontractor provides that the principal and surety should be jointly and severally bound, the obligee of the bond may sue the subcontractor and the surety jointly or separately.

APPEALS by defendants from *Frizzelle, J.,* September Civil Term, 1959, of WAYNE.

This action was instituted April 21, 1958, and is referred to hereafter as the Wayne action.

A prior action entitled, *"Harris & Harris Construction Company Inc., PLAINTIFF, v. Crain & Denbo, Inc., and Town of Mount Olive, DEFENDANTS,"* which was instituted April 17, 1957, and is now pending in the Superior Court of Durham County, is referred to hereafter as the Durham action.

Crain & Denbo, plaintiff in the Wayne action, is *a* defendant in the Durham action. Harris & Harris, *a* defendant in the Wayne action, is the plaintiff in the Durham action. Aetna, a defendant in the Wayne action, is *not* a party in the Durham action. The town of Mount Olive, a defendant in the Durham action, is not a party in the Wayne action.

In the Wayne action, Crain & Denbo alleged that on July 6, 1956, it entered into a contract (Exhibit A) with the Town of Mount Olive for the construction and installation of water and sewer improvements, and on the same date entered into a subcontract (Ex-

hibit B) with Harris & Harris under which Harris & Harris agreed, upon stated terms and conditions, to perform all obligations imposed upon Crain & Denbo under its said contract with the Town of Mount Olive.

Under date of July 20, 1956, Harris and Harris, as principal, and Aetna, as surety, executed and delivered to Crain & Denbo a bond (Exhibit C) in the sum of $453,115.68 conditioned on the performance of said subcontract, including the payment of all claims for labor and materials entering into the work.

In the Wayne action, Crain & Denbo alleged it is entitled to recover from Harris & Harris and Aetna, jointly and severally, the sum of $300,672.07, plus interest, as damages caused by the breach by Harris & Harris of said subcontract and of the conditions of said performance bond.

In the Wayne action, separate answers were filed by Harris & Harris and Aetna. Each interposed a plea in abatement and motion to dismiss, assigning as ground therefor the pendency of the prior Durham action. Apart from said pleas in abatement and motions to dismiss, the answers, respectively, contained, briefly stated, these allegations: Harris & Harris, denying it had breached said subcontract, alleged, by way of counterclaim, it was entitled to recover compensatory damages in the aggregate amount of $345,612.42 and punitive damages in the amount of $150,000.00 from Crain & Denbo on account of its breach of said subcontract. Aetna, after denying all material allegations of the complaint, interposed further defenses in which it alleged, *inter alia*, that it was induced to execute said performance bond by false and fraudulent representations of Crain & Denbo and of Harris & Harris.

In the Durham action, Harris & Harris alleged it was entitled to recover from the defendants therein (Crain & Denbo and the Town of Mount Olive), "jointly and/or severally," compensatory damages in the aggregate amount of $345,612.42 and punitive damages in the amount of $150,000.00. It alleged, *inter alia*, that, after it had entered upon performance of said subcontract, Crain & Denbo and the Town of Mount Olive, pursuant to an unlawful, wilful and wanton conspiracy, forced it to leave the job, and thereafter Crain & Denbo tortiously converted to its own use all materials and facilities Harris & Harris had procured for its use in the prosecution of the work under said subcontract. Apart from allegations as to the alleged conspiracy and conduct of engineers, police officers and officials of the Town of Mount Olive, Harris & Harris alleged substantially the same

facts as it alleged subsequently as the basis for its counterclaim in the Wayne action.

In the Durham action, separate answers were filed by Crain & Denbo and by the Town of Mount Olive. Each defendant denied the material allegations of the complaint and alleged facts in explanation and justification of its conduct. Neither defendant asserted a counterclaim.

· The hearing related solely to the pleas in abatement interposed in this (Wayne) action. By consent, it was submitted on the pleadings (referred to above) in the two actions.

The order entered by Judge Frizzelle provides "that the pleas in abatement filed herein by the defendants, and each of them, be and the same are hereby overruled and dismissed." Each defendant excepted to this order and appealed.

*Brooks & Brooks and Taylor, Allen & Warren for plaintiff, appellee.*
*Williams & Zimmerman for defendant Harris & Harris Construction Company, appellant.*
*Fletcher & Lake for defendant Aetna Insurance Company, appellant.*

BOBBITT, J. The rules applicable when considering a plea in abatement on the ground that "(t)here is another action pending between the same parties for the same cause" (G.S. 1-127(3)) are stated, with full citation of authority, by *Ervin, J.,* in *McDowell v. Blythe Brothers Co.,* 236 N.C. 396, 72 S.E. 2d 860, and by *Winborne, J. (now C.J.),* in *Dwiggins v. Bus Co.,* 230 N.C. 234, 52 S.E. 2d 892.

The plea in abatement by Harris & Harris is good only if (1) Crain & Denbo could obtain the same relief against Harris & Harris by counterclaim in the Durham action, *and* (2) a judgment in favor of Harris & Harris in the Durham action would operate as a bar to the prosecution by Crain & Denbo of this (Wayne) action. *Hill v. Spinning Co.,* 244 N.C. 554, 94 S.E. 2d 677, and cases cited.

In *Construction Co. v. Ice Co.,* 190 N.C. 580, 130 S.E. 165, the action was to recover the balance alleged to be due on account of plaintiff's performance of a building contract. The defendant's plea in abatement was sustained and the prior action dismissed. In the prior action, the Ice Company had sued the Construction Company *and its surety* to recover damages for alleged breach of said building contract. The basis of decision is indicated by this excerpt from the opinion of *Stacy, C. J.:* "It will be observed that the parties bottom their respective causes of action on the same contract, each alleging

a breach by the other. The two causes of action, therefore, arise out of the same subject-matter; and a recovery by one would necessarily be a bar or offset, *pro tanto* at least, to a recovery by the other." This statement is applicable here. The determinative issues, in both cases, as between Harris & Harris and Crain & Denbo, relate to a single contract, each alleging a breach thereof by the other.

Under the decisions cited, if Crain & Denbo desires to assert a cause of action against Harris & Harris for alleged breach of said subcontract, it must do so by way of counterclaim in the Durham action. Thus, the plea in abatement interposed by Harris & Harris should be sustained and the (Wayne) action dismissed as to it. The fact that Crain & Denbo has joined Aetna as a party defendant does not impair this legal right of Harris & Harris.

As to Aetna, the Durham action is not a prior action *between the same parties* for the same cause. Aetna, which is not a party to the Durham action, grounds its plea in abatement on these propositions: (1) For reasons stated above, the plea in abatement of Harris & Harris must be sustained and the (Wayne) action dismissed as to it. (2) The basis of Crain & Denbo's alleged cause of action against Aetna, the alleged breach by Harris & Harris of said subcontract, is the basis of the cause of action Crain & Denbo must assert, if at all, as a counterclaim in the Durham action.

It may be conceded that a judgment in favor of Harris & Harris in the Durham action would bar further prosecution by Crain & Denbo of this (Wayne) action against Aetna. However, if the verdict in the Durham action should be in its favor, Crain & Denbo could not obtain judgment against Aetna. Nor could it do so even if it alleged such counterclaim in the Durham action unless Aetna were joined as a party in the Durham action.

Whether Crain & Denbo, *if* it filed such counterclaim in the Durham action *may* join Aetna as a party in respect thereof, is not presented. As to permissible joinder, see *Rubber Co. v. Distributors, Inc.*, 251 N.C. 406, 111 S.E. 2d 614; *Burns v. Oil Corporation*, 246 N.C. 266, 98 S.E. 2d 339; *Hill v. Spinning Co.*, *supra*. Nor do we now consider the effect upon the further prosecution of this (Wayne) action by Crain & Denbo against Aetna if the Durham action proceeds to judgment without the assertion therein by Crain & Denbo of such counterclaim.

It is noted that Harris & Harris and Aetna are bound "jointly and severally" by the terms of the performance bond. "In the case of a joint and several obligation, under both the common law and the modern practice statutes, the plaintiff at his option or election may

sue each obligor separately or all of them jointly." 39 Am. Jur., Parties § 39; 72 C.J.S., Principal and Surety § 264(b).

We pass solely upon the legal significance of the Durham action as presently constituted. Crain & Denbo has not asserted therein a cause of action against either Harris & Harris or Aetna. While there is a prior pending action between Crain & Denbo and Harris & Harris for the same cause, there is no prior pending action as between Crain & Denbo and Aetna for *any* cause. Hence, Aetna's plea in abatement was properly overruled.

The portion of the order overruling the plea in abatement of Harris & Harris is erroneous and should be stricken. The plea in abatement of Harris & Harris should have been sustained and the action dismissed as to it. It is so ordered. The portion of the order wherein Aetna's plea in abatement was overruled is affirmed.

As to Harris & Harris: Reversed.

As to Aetna: Affirmed.