JAMES WILLIAMS v. HARVEY B. HUNTER, T/A HARVEY
B. HUNTER DAIRIES AND DONALD ALEXANDER FERGUSON.

(Filed 10 October 1962.)

**1. Courts § 9; Pleadings § 34; Appeal and Error § 3—**

Where a motion to strike an entire portion of a pleading is interposed for the purpose of testing the sufficiency of the pleading to state a cause of action or a defense, the motion is in effect a demurrer, and a judge of the Superior Court has jurisdiction to hear the motion notwithstanding that the motion to strike related to matters incorporated by amendment made pursuant to order of another Superior Court judge, and an appeal

will lie from the order allowing the motion to strike, Rule of Practice in the Supreme Court No. 4(a) (2) not being applicable.

**2. Automobiles § 35; Judgments § 29— Prior judgment in action between drivers bars subsequent cross action for contribution by the one against the other.**

In an action by a passenger in an automobile against the driver of a truck involved in a collision with the car and against an individual alleged to be the employer of the truck driver, the driver of the car was joined as an additional defendant for contribution. The additional defendant plead a prior judgment in his favor in his action against the driver of the truck and the alleged corporate employer of the truck driver. *Held:* The negligence of the respective drivers was necessarily at issue in the prior action and precludes the cross action asserted by the truck driver, and upon joint demurrer, also precludes the employer even though the employer was demoninated an individual in the one action and a corporation in the other.

**3. Pleadings § 18—**

Where two parties file a joint demurrer, the demurrer must be overruled if the pleading states a cause of action against either one of them.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by Daniel Lester Barnes, a defendant for contribution, from *McConnell, S.J.,* May 1962 Civil Term of GASTON.

Plaintiff instituted this action to recover damages from defendants Hunter and Ferguson. As a cause of action he alleged these facts: He was a guest in an automobile owned and operated by Daniel Lester Barnes (hereafter merely Barnes). A truck owned by Hunter driven by his agent, defendant Ferguson, collided with the Barnes car. As a result of the collision, plaintiff sustained injuries. The collision was due to the negligent operation of the Hunter truck. The negligent acts of Ferguson are particularized in the complaint.

Defendants filed a joint answer. They alleged.Ferguson, not Hunter, was the owner of the truck which collided with the Barnes car. They denied the asserted relationship of master and servant between Hunter and Ferguson. They denied the collision was in any way caused by the negligence of Ferguson. They specifically pleaded the negligence of Barnes as the sole cause of plaintiff's injuries.

After the answer was filed, defendants, as permitted by G.S. 1-240, made Barnes a defendant for contribution. Their complaint in the cross action against Barnes particularizing his negligence entitles them to contribution.

Barnes filed an answer to the cross action asserted by Hunter and Ferguson. He denied the allegations that he was negligent. He specifically pleaded the collision was caused solely by the negligence of

Ferguson, the agent of Hunter acting in the course and scope of his employment. Thereafter Barnes filed with the clerk a motion seeking permission to amend his answer to plead facts occurring susequent to the filing of his answer. The motion stated the amendment would be a plea of estoppel by judgment rendered in an action brought by Barnes against Hunter and Ferguson, which judgment was rendered at the December 1961 Term of Gaston. There was attached to the motion a certified copy of the judgment roll in a civil action entitled *"Daniel L. Barnes v. Harvey B. Hunter Dairies, Inc. and Donald Alexander Ferguson,"* consisting of summons, complaint, joint answer by defendants, and judgment in favor of plaintiff against Ferguson for $838 for personal injuries and property damages. The complaint in that action asserts Barnes' right to recover damages resulting from the collision caused by Ferguson's negligence as agent of corporate defendant.

At the January 1962 Term of Gaston *Judge Sharp* allowed Barnes' motion to amend. On 18 January 1962 Barnes filed his amended answer as permitted by the order of *Judge Sharp.* On 14 February 1962 Hunter and Ferguson filed a "MOTION TO STRIKE" asking the court to strike the entire amendment filed by Barnes on 18 January 1962, asserting "that neither the parties nor the issues in said action are the same, and that said former action and the judgment therein set up in said Amendment to Answer could not and does not constitute estoppel by judgment." Judge McConnell allowed the motion to strike. Barnes appealed.

*Mullen, Holland & Cooke by Philip V. Harrell for additional defendant appellant.*

*Ernest R. Warren, Julius T. Sanders, and Carl J. Stewart, Jr., for original defendant, appellees.*

RODMAN, J.    Appellant challenges the right of Judge McConnell to act on the motion to strike because, as he contends, the allowance of the motion would constitute a reversal of *Judge Sharp's* order. This position would be sound if the defendants assigned some reason for removing the pleading from the file other than a failure to state a defense. This is not what they seek to accomplish. It is apparent the "Motion to Strike" is intended to test the legal sufficiency of the pleading. The way to raise that question is by demurrer. *Turner v. Board of Education,* 250 N.C. 456, 109 S.E. 2d 211; *Rhodes v. Asheville,* 229 N.C. 355, 49 S.E. 2d 638. The fragrance of the rose is not destroyed by calling it a weed. Nor may what is in fact a demurrer gain strength or lose vitality by designating it as a motion to strike. Where a "Motion to Strike" challenges the legal efficacy of a pleading, it is

and will be treated as a demurrer. *Mercer v. Hilliard,* 249 N.C. 725, 107 S.E. 2d 554; *Etheridge v. Light Co.,* 249 N.C. 367, 106 S.E. 2d. 560.

If this were in fact an appeal from an order merely striking portions of a pleading, it would, under Rule 4(a) (2), 242 N.C. 766, be necessary to dismiss the appeal.

The admendment alleges a prior adjudication of the rights of Barnes and Ferguson in a court having jurisdiction of the parties and the cause of action. If the plea be established, it defeats Ferguson's right to relitigate any question then in controversy. The negligence of each driver, the parties to that action, was necessarily in issue. The adjudication then made is binding on the parties. *Hill v. Edwards,* 255 N.C. 615, 122 S.E. 2d 383; *Bullard v. Oil Co.,* 254 N.C. 756, 119 S.E. 2d 910; *Crain & Denbo, Inc. v. Construction Co.,* 252 N.C. 836, 114 S.E. 2d 809; *Jenkins v. Fowler,* 247 N.C. 111, 100 S.E. 2d 234; *Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269; *Allen v. Salley,* 179 N.C. 147, 101 S.E. 545.

The action set up by Barnes as a defense to the claim for contribution is entitled *"Daniel L. Barnes v. Harvey B. Hunter Dairies, Inc. and Donald Alexander Ferguson."* The certified copy of the record in that action pleaded as an estoppel does not disclose how, if at all, it has terminated as to defendant Harvey B. Hunter Dairies, Inc. Nor does it appear that Harvey B. Hunter individually was a party to or in any way participated in that action. Barnes does not allege facts against Harvey B. Hunter trading as Harvey B. Hunter Dairies which would bring him in the class bound by the judgment under the doctrine applied in *Thompson v. Lassiter,* 246 N.C. 34, 97 S.E. 2d 492. The facts pleaded in the amendment are not sufficient to estop Harvey B. Hunter from claiming contribution. Nonetheless, he has elected to act jointly with a party who is estopped. Since he has deliberately placed himself in the sea with Ferguson, they must, as Avery, J., said in *Conant v. Barnard,* 103 N.C. 315, "sink or swim together."

Since the demurrer is bad as to Ferguson, it is bad as to both. Some of the subsequent cases applying the rule announced in the *Conant* case are collected in *Paul v. Dixon,* 249 N.C. 621, 107 S.E. 2d 141.

Reversed.

SHARP, J., took no part in the consideration or decision of this case.