M. G. MORRISETT v. ELIZABETH CITY COTTON MILLS.

(Filed 15 September, 1909.)

**1. Issues, Sufficient—Contributory Negligence.**

When the negligence of a fellow-servant is set up in bar of recovery and the judge below clearly gives the defendant the benefit of it by proper instructions under the issue of negligence, the refusal of the trial judge to submit a separate issue thereon is not error.

**2. Issues—Evidence.**

The refusal of the trial judge to submit an issue upon which no evidence whatever is offered is not erroneous.

**3. Master and Servant—Fellow-servant.**

One who is "second boss" in a cotton mill, under whose direction the plaintiff was employed to work, and was working at the time of receiving the injury complained of, is not his fellow-servant.

**4. Negligence—Master and Servant—Res Ipsa Loquitur—Evidence —Nonsuit.**

When the evidence tended to show that plaintiff, an employee, was injured while at work, in the course of his employment, on a certain machine while not running, and that it suddenly started, without explanation, inflicting the injury complained of, the motive power being under the management of other agents or employees of defendant, a motion to nonsuit upon the evidence was properly refused.

**5. Contributory Negligence—Master and Servant—Officious Acts— Evidence.**

The plaintiff was not guilty of contributory negligence in thrusting his hand into the machine to adjust it while it was not running, and he was not guilty of an officious act because he was directed to do so by the master representative.

APPEAL from *Peebles, J.,* January Term, 1909, of PASQUO-TANK.

These issues were submitted:

1. "Was the plaintiff injured by the negligence of defendant, as alleged? Answer: "Yes."

2. "Did the plaintiff contribute to his own injury, as alleged?" Answer: "No."

3. "Did the plaintiff assume the risk of the injury suffered by him, as alleged?" Answer: "No."

4. "What damage, if any, has plaintiff sustained?" Answer: "Twenty-two hundred and fifty dollars."

From the judgment rendered defendant appealed.

*Aydlett & Ehringhaus* for plaintiff.
*H. S. Ward* and *C. E. Thompson* for defendant.

BROWN, J. The evidence tends to prove that plaintiff, a boy of sixteen years of age, was employed in defendant's mill as "head doffer," whose duty it was to superintend the boys in the spinning department, who were engaged in taking off full bobbins and putting on empty ones. One Trueblood was a "second boss" in that department, and plaintiff was under him, as well as McAbee, the general manager. It was not plaintiff's duty to change the gearing and he had never done so before he was injured.

On 13 January, 1902, Trueblood ordered plaintiff to go with him and change the gear. Plaintiff had no previous experience, but undertook to change the gear under Trueblood's direction, while the machine was stopped. While changing the gear Trueblood told plaintiff to loosen the nut, and while so engaged the machinery suddenly started up and the plaintiff was seriously injured.

1. Defendant tendered certain issues which the court refused to submit, to which ruling defendant excepted.

The issues submitted by his Honor are substantially the same as those tendered by defendant, with the exception of an issue relating to the negligence of a fellow-servant. It was not necessary that a separate and distinct issue should have been submitted in order to give defendant the benefit of that defense. Evidence tending to prove that the injury was caused, not by the negligence of the defendant, but by the negligence of a fellow-servant, could have been presented under the first issue, and by proper instructions the jury could have been directed that if they found that the injury was caused by a fellow-servant, then they should answer that issue in the negative, for such negligence would not be the negligence of the defendant.

We think, therefore, that the exception cannot be sustained, as the issue tendered, while raised by the pleadings, is clearly embraced under the first issue, and when that is the case it is not error to refuse the issue tendered. *Kirk v. Railroad,* 97 N. C., 82; *McAdoo v. Railroad,* 105 N. C., 140; *Paper Co. v. Chronicle Co.,* 115 N. C., 147.

Again, we find no evidence tendered or received which tends to prove that plaintiff was injured by the negligence of a fellow-servant of the plaintiff, and it is decided that a refusal to submit an issue on which there is no proof is not erroneous. *Porter v. White,* 128 N. C., 42.

Trueblood was not in any sense a fellow-servant of the plaintiff, but, according to all the evidence, he succeeded Anderson as second boss in the spinning department, and was the immediate superior of plaintiff, who worked under him.

2. On direct examination plaintiff's witness, Anderson, was asked, "State whether or not it is dangerous to change the gearing with the belt on the loose pulley." The court admitted the question and answer over defendant's objection.

It is contended that the evidence offered was opinion evidence, and that it was not a matter about which an expert opinion could have been given. We think the learned counsel for defendant misconceives the character of the evidence. Anderson was a skilled operative and fully acquainted with the character of the machinery. When he stated that it was not safe to change the nut without taking the belt off the top pulley, he was conveying to the minds of the jury a fact gathered from his experience which was material and which could not have been put before them in any other way.

To cause the witness to give all the detailed knowledge and experience he had concerning the character of the machinery would have been useless, more so than to go into the details as to the value of a tract of land, concerning which opinions are always allowed. The distinctions between those cases in which opinions may be expressed by experts only and those in which any person having means and opportunity to form an opinion may express it is well stated in *Clary v. Clary,* 24 N. C., 78. See, also, *Wade v. Telephone Co.,* 147 N. C., 223, and cases cited; McKelvey, p. 230; *Davenport v. Railroad,* 148 N. C., 294.

The other exceptions to the evidence we deem it unnecessary to discuss. We have examined them and found them without merit.

3. We come next to consider the refusal to nonsuit, and that presents the question as to whether there is any evidence of negligence sufficient to take the case to the jury. The evidence affords no satisfactory explanation as to why the machinery started up just at the moment when plaintiff was adjusting the nut; and unless the rule of *res ipsa loquitur* applies, the motion to nonsuit must be sustained. But we think this belongs to the class of cases wherein that doctrine holds good. The rule has been applied in a class of cases similar to this in Great Britain for many years. *Scott v. Dock Co.,* Com. L. R., U. S., 134 (3 H. & C.), and is recognized in most of the States of this Union.

Mr. Wigmore states that, in order that the rule should apply, the apparatus must be such that ordinarily no injurious effect is to be expected, unless from careless construction or operating, and that the injurious result must have taken place independent of any voluntary action of the person injured. Wig., sec. 2509.

The defendant has failed to explain why the machinery was

started up just at the time when plaintiff was fixing a part of it. Machinery in proper condition, operated by a motive power controlled by human agencies, does not start a-going of its own accord. It must either be started or else it may start because something is out of order.

All of this is supposed to be within the knowledge of defendant's agents, and therefore the defendant should explain it, if possible. Nevertheless, the rule does not at all change the burden of the proofs or of the issue. It still remains with the plaintiff to establish negligence by a preponderance of evidence. But he may offer the "fact of the accident," in cases like this, to the jury as some evidence of negligence. There is no presumption raised which must be rebutted. No artificial force is given to the rule, but the jury may give it such weight as they see proper as a fact in evidence, and, if nothing else is offered, find for or against the plaintiff, as they see fit. *Womble v. Grocery Co.,* 135 N. C., 474; *Stewart v. Carpet Co.,* 138 N. C., 60; *Ross v. Cotton Mills,* 140 N. C., 115.

The case last cited is very much like the present case, and, we think, is an apt authority, justifying his Honor in submitting the issue of negligence to the jury, and that negligence, as alleged in the pleadings, consisted in carelessly and negligently starting up the machinery while plaintiff was engaged in adjusting the nut.

4. We deem it unnecessary to consider *seriatim* the exceptions bearing upon the issue of contributory negligence, for in our opinion there is nothing whatever to support such defense.

In an able argument Mr. Thompson, for the defendant, contends that the plaintiff was engaged voluntarily, out of the line of his duty, in a dangerous work. We do not think the evidence sustains the learned counsel in his contention. It is true that plaintiff was doing something he had not done before, but he was ordered to do it by his immediate superior. He was under Trueblood's control, and it was as natural that this boy of sixteen should obey him as that a pupil should obey his master. The plaintiff was not acting officiously, but in obedience to orders. Nor did he knowingly and carelessly place his hand in an obviously dangerous place. The machine was harmless when idle, and in that condition plaintiff ran no risk in adjusting the nut. He had a right to believe that it would remain motionless until he completed the work. It was the starting-up of the motive power at the critical moment that caused the injury and was its proximate cause, and his Honor might well have so instructed the jury.

Upon a review of the record we find

No error.