## A. F. MINCEY v. GOODE CONSTRUCTION COMPANY.

### (Filed 7 April, 1926.)

**Appeal and Error—Evidence—Issues—Objections and Exceptions—Motion to Set Aside Verdict.**

In an action to recover damages for a personal injury alleged to have been negligently inflicted, involving the issues of negligence and contributory negligence, the answer in the affirmative on the second issue will not be set aside on plaintiff's motion made upon the ground of the lack of sufficient evidence and after verdict without objection made in apt time to the submission of the issue.

APPEAL by plaintiff from *Devin, J.,* at January Term, 1926, of DURHAM. No error.

This is an action to recover damages for personal injury alleged to have been caused by the defendant's negligence in failing to provide for the plaintiff a safe place in which to work. The specific allegations are that the plaintiff was working for the defendant and that its superintendent directed him to go upon a scaffold which the defendant had negligently constructed; that the scaffold broke; and that the plaintiff fell to the ground and was injured. The defendant filed an answer denying the material allegations, and at the trial the following verdict was returned:

1. Was the plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer: Yes.

2. Did the plaintiff by his own negligence contribute to his injury as alleged in the answer? Answer: Yes.

3. What damage, if any, is the plaintiff entitled to recover? Answer: Judgment was given for the defendant and the plaintiff appealed.

*R. O. Everett for the plaintiff.*
*Burgess & Joyner, Fuller, Reade & Fuller and Oscar Leach for defendant.*

ADAMS, J. The appellant did not except to the admission or rejection of evidence or to the instructions given the jury, but before the judgment was signed he made a motion to set aside the answer to the second issue on the two grounds that it was against the weight of the evidence and that there was no evidence to support it.

The first objection, which was addressed to the sound discretion of the trial court, was not presented on the argument here; but the appellant insisted on the proposition that if there was no evidence to support the second issue the answer thereto should have been set aside as

a matter of law. To this proposition we cannot assent. It is not to be assumed that in the absence of any evidence of contributory negligence the appellant without timely objection permitted the second issue to be submitted to the jury and answered; and for this reason in part it has been held with marked uniformity that an objection that there was no evidence or no sufficient evidence to support a verdict cannot be taken for the first time after the verdict has been returned. *Roberts v. Massey,* 185 N. C., 164; *Mica Co. v. Mining Co.,* 184 N. C., 490; *Wilkerson v. Pass,* 176 N. C., 698; *Moon v. Milling Co., ibid.,* 407; *S. v. Leak,* 156 N. C., 643; *Hart v. Cannon,* 133 N. C., 10; *S. v. Huggins,* 126 N. C., 1055; *S. v. Harris,* 120 N. C., 577; *Holden v. Strickland,* 116 N. C., 185; *S. v. Kizer,* 115 N. C., 746. Under the principle adhered to in these cases and in many others which are not cited it is unnecessary to discuss the testimony on which the defendant relied in support of the second issue.

No error.