LIDA LEA AND JESSIE LEA ROBERTS v. G. H. BRIDGEMAN AND WIFE, LECIE G. BRIDGEMAN, FRANCIS HEATH LEA, AND JOHN R. BURGESS, GUARDIAN AD LITEM FOR FRANCIS HEATH LEA AND ALL UNKNOWN PERSONS HAVING AN INTEREST IN THE LANDS IN SUIT.

(Filed 3 March, 1948.)

**1. Trial § 21: Appeal and Error § 40a—**

The question of the sufficiency of the evidence must be presented by motion to nonsuit or by prayer for instructions or by objections to the submission of the issues, and an exception to the judgment on the ground that there was no sufficient evidence to sustain the verdict, is too late to raise the question.

**2. Appeal and Error § 40a—**

An exception to the judgment presents only the question of whether error appears on the face of the record, and if the judgment is supported by the verdict the exception must fail.

**3. Estates § 5—**

A good title in fee simple is title to the whole property absolutely, and is necessarily marketable and unencumbered.

APPEAL by the defendants, G. H. Bridgeman and wife, Lecie G. Bridgeman, hereinafter called the appellants, from *Patton, Special Judge,* and a jury, at the January-February Term, 1948, of POLK.

The plaintiffs sued the appellants in the court below for specific performance of an admittedly valid contract in writing by which the plaintiffs agreed to convey to the appellants "a marketable and unencumbered title in fee simple" to certain lands in Polk County, and by which the appellants promised to pay the plaintiffs a specified sum for such conveyance of such property. The plaintiffs tendered to the appellants a deed sufficient in form to vest in the appellants a fee simple title to such lands, but the appellants refused to accept such deed and to pay the plaintiffs the stipulated purchase price upon the specific ground that the plaintiffs were unable to convey to the appellants an undivided one-third interest in the property in question, of which Francis Heath Lea, the half-brother of the plaintiffs, had become seized at some past time. It was judicially admitted in the pleadings and on the trial by the plaintiffs and the appellants and John R. Burgess, Guardian *Ad Litem,* that such one-third undivided interest had descended to the plaintiffs, and that the plaintiffs were the owners in fee simple of all interests in the lands embraced by the contract, and that the deed tendered by the plaintiffs would convey a good title in fee simple to the appellants if Francis Heath Lea, in fact, had died intestate and without issue as alleged by the plaintiffs.

The plaintiffs offered testimony on the trial below for the avowed purpose of establishing that Francis Heath Lea had died intestate and without issue. No objection was interposed to the introduction of this evidence, and the appellants did not challenge its sufficiency to support a verdict for the plaintiffs by a motion for nonsuit, or by a prayer for instruction, or by an objection to the submission of the issues.

Issues were submitted to the jury and answered by them as set out below, namely:

1. Is Francis Heath Lea dead? Answer: Yes.

2. If so, did he die intestate and without issue? Answer: Yes.

3. Are the plaintiffs, Lida Lea and Jessie Lea Roberts, the owners in fee simple of the property described in the complaint? Answer: Yes.

The appellants made no motion for a new trial. The trial court entered judgment on the verdict adjudging that the deed of the plaintiffs conveyed a good title in fee simple in the lands in question to the appellants and ordering the appellants to accept such deed and to pay to the plaintiffs the agreed purchase price in accordance with the contract. The appellants thereupon excepted to the judgment upon the ground set out below and appealed to this Court.

*S. G. Bernard for plaintiffs, appellees.*

*M. R. McCown for defendants, G. H. Bridgeman and Lecie G. Bridgeman, appellants.*

ERVIN, J. The only exceptions of the appellants are their exceptions to the judgment. They took such exceptions in the court below upon the express ground that the trial court erred in rendering the judgment because there was no evidence adduced on the trial sufficient to sustain the affirmative answers of the jury to the issues submitted.

The appellants failed to challenge the sufficiency of the testimony to support the verdict by a motion for nonsuit, or by a prayer for instruction, or by an objection to the submission of the issues. *Holder v. Lumber Co.,* 161 N. C., 177, 76 S. E., 485; *Burcham v. Wolfe,* 180 N. C., 672, 104 S. E., 651; *Morrisett v. Cotton Mills,* 151 N. C., 31, 65 S. E., 514; *Mincey v. Construction Co.,* 191 N. C., 548, 132 S. E., 462. Their effort to raise the question of the insufficiency of the evidence initially by their exceptions to the judgment comes too late. This is true because it has been held by this Court "with marked uniformity that an objection that there was no evidence or no sufficient evidence to support a verdict cannot be taken for the first time after the verdict has been returned." *Mincey v. Construction Co., supra.* See, also, *Moon v. Milling Co.,* 176 N. C., 407, 97 S. E., 213; *Wilkerson v. Pass,* 176 N. C., 698, 97 S. E., 466.

The exceptions to the judgment present only the question of whether error appears on the face of the record, and the exceptions must fail if the judgment is supported by the record. *Smith v. Smith,* 226 N. C., 506, 39 S. E. (2d), 391; *Rader v. Coach Co.,* 225 N. C., 537, 35 S. E. (2d), 609; *Query v. Ins. Co.,* 218 N. C., 386, 11 S. E. (2d), 139. It is apparent that the judgment conforms to the pleadings. A good title in fee simple is necessarily marketable and unencumbered for it is a title to the whole property absolutely. 31 C. J. S., Estates, section 8. Manifestly, the judgment is supported by the verdict. *In re Escoffery,* 216 N. C., 19, 3 S. E. (2d), 425. It follows that the judgment must be

Affirmed.