### WILLIE BELLE DEATON v. E. J. DEATON.

(Filed 21 November, 1951.)

**1. Pleadings § 19c—**

Where a complaint alleges several causes of action, a general demurrer must be overruled if any one of the causes of action is sufficiently stated.

**2. Divorce and Alimony § 5c—**

Where, in an action for alimony without divorce, G.S. 50-16, several causes of action for divorce *a mensa* are alleged, G.S. 50-7, a general demurrer to the complaint must be overruled if any one of the causes is sufficiently stated.

**3. Trial § 21—**

Where several causes of action are alleged, a general motion to nonsuit does not present the sufficiency of the evidence as to any particular cause, and must be overruled if the evidence is sufficient as to any one of the causes.

**4. Trial § 22a—**

On motion to nonsuit, plaintiff's evidence will be taken as true and considered in the light most favorable to her, giving her every reasonable inference and intendment therefrom.

**5. Trial § 23a—**

If there is more than a scintilla of evidence in support of any one of the several causes of action alleged, a general motion to nonsuit is properly denied.

**6. Divorce § 8c—**

Where, in an action for alimony without divorce, G.S. 50-16, there is more than a scintilla of evidence to support any one of several causes of action for divorce *a mensa* alleged, defendant's general motion to nonsuit is properly overruled, since plaintiff is entitled to relief if she establishes any one of the causes and such motion does not present the sufficiency of the evidence as to any particular cause.

**7. Trial § 49—**

Objection that there was no sufficient evidence to support a verdict cannot be taken for the first time after the verdict has been returned, and motion to set aside the verdict for insufficiency of the evidence as a matter of law is properly denied.

**8. Appeal and Error § 6c (2)—**

An exception to the signing of the judgment is without merit when the record supports the judgment.

APPEAL by defendant from *Phillips, J.,* June Term, 1951, CABARRUS.

This is an action for alimony and subsistence without divorce and for counsel fees under G.S. 50-16.

Plaintiff alleges several causes of action against the defendant: (1) that he offered such indignities to her person as to render her condition in life intolerable and her life burdensome; (2) that he abandoned her; (3) that he offered cruel and barbarous treatment, endangering her life; (4) that he separated himself from her without providing her with the necessary subsistence according to his means and condition in life; (5) that he maliciously turned her out of doors; (6) that he had become an habitual drunkard; and (7) that he had committed adultery.

The defendant, answering, admits the marriage, but denies all allegations embraced in plaintiff's several causes of action.

Upon the reading of the pleadings, defendant demurred *ore tenus* to the complaint asserting that it fails to state facts sufficient to constitute a cause of action and that the allegations are generalities. His motion was denied and defendant excepted.

Thereupon, the plaintiff offered evidence tending to establish some, if not all, of the grounds for divorce alleged by her, and the defendant

offered evidence in rebuttal. As the exceptions relied on by defendant do not require decision as to the sufficiency of the evidence to support the verdict on the issues of habitual drunkenness and adultery, we need not now review the testimony in detail.

Defendant's motion to dismiss as in case of nonsuit was overruled and defendant duly excepted.

Issues upon each of plaintiff's causes of action were submitted to the jury. The jury answered "yes" to the issue of marriage and further found upon issues 7 and 8 that defendant had become an habitual drunkard and that he had committed adultery as alleged in the complaint.

Defendant's motions to set aside the verdict and for a new trial were denied and exceptions noted. From judgment upon the verdict, defendant appealed, assigning errors.

*Bernard W. Cruse and R. Furman James for plaintiff, appellee.*
*E. Johnston Irvin and C. M. Llewellyn for defendant, appellant.*

VALENTINE, J. The questions upon this appeal revolve around defendant's demurrer *ore tenus* to the complaint, his motion to dismiss as of nonsuit at the close of all the evidence, and his motion to set aside the verdict.

The demurrer was general in terms. It is not directed to any one or more of the several causes for divorce alleged in the complaint but to the complaint as a whole. *Mills Co. v. Shaw, Comr. of Revenue,* 233 N.C. 71.

It is a well established rule in this jurisdiction that a complaint is sufficient to withstand a demurrer if it in any part or to any extent presents a cause of action, or if sufficient facts in support of a cause of action can be fairly gathered therefrom. *Hoke v. Glenn,* 167 N.C. 594, 83 S.E. 807; *Mills Co. v. Shaw, Comr. of Revenue, supra; Brewer v. Wynne,* 154 N.C. 467, 70 S.E. 947. It is also held that a complaint which alleges two or more causes of action is good against a demurrer, if only one cause of action is sufficiently stated. *Meyer v. Fenner,* 196 N.C. 476, 146 S.E. 82; *Best v. Best,* 228 N.C. 9, 44 S.E. 2d 214.

It is not necessary for the plaintiff to establish all of the grounds for divorce *a mensa et thoro* alleged in her complaint in order to sustain her action. It is sufficient if she establishes the defendant's guilt of any of the acts that would constitute a cause of action for divorce from bed and board as enumerated in G.S. 50-7. *Albritton v. Albritton,* 210 N.C. 111, 185 S.E. 762; *Hagedorn v. Hagedorn,* 211 N.C. 175, 189 S.E. 507; *Brooks v. Brooks,* 226 N.C. 280, 37 S.E. 2d 909. It, therefore, appears that defendant's demurrer was properly overruled.

The defendant entered a general demurrer to the evidence. His exception to the ruling of the court thereon does not present for decision the

DEATON v. DEATON.

question of whether there was sufficient evidence to support the alleged causes of action to which issues 7 and 8 are directed. If he desired to challenge the sufficiency of the evidence to be submitted to the jury on either or both of these issues, he should have directed his motion to those particular causes. *S. v. Benson, ante,* 263.

Defendant's motion for judgment as of nonsuit at the close of all the evidence was a general motion and referred to no particular cause of action set forth in the complaint. As against this motion, which is substantially a demurrer to the evidence, plaintiff is entitled to have her evidence examined in the light most favorable to her, and is entitled to every reasonable inference and intendment to be drawn therefrom. Such a motion admits as true that which her evidence tends to prove with respect to each cause of action alleged in the complaint. *Maddox v. Brown,* 232 N.C. 244, 59 S.E. 2d 791; *Graham v. Gas Co.,* 231 N.C. 680, 58 S.E. 2d 757. If the plaintiff offers in support of her contention more than a scintilla of evidence, the matter then becomes a jury question. *Gates v. Max,* 125 N.C. 139, 34 S.E. 266; *Cable v. R. R.,* 122 N.C. 892, 29 S.E. 377; *Cox v. R. R.,* 123 N.C. 604, 31 S.E. 848.

Measuring the plaintiff's evidence by the rules of interpretation laid down by this Court, her evidence was sufficient to withstand defendant's motion for judgment as of nonsuit. If the defendant had in apt time made a motion to nonsuit the plaintiff with respect to the causes of action in which she alleged that he had become an habitual drunkard and had committed adultery, the results may have been entirely different. Instead, his motion to nonsuit was directed toward the entire evidence, some parts of which were abundantly sufficient to take the case to the jury and, therefore, sufficient to repel a motion for nonsuit. The defendant could have prayed for instructions as to issues arising upon these two causes of action and a refusal of such prayer may have presented this matter in a different light. *Lea v. Bridgeman,* 228 N.C. 565, 46 S.E. 2d 555.

The motion to set aside the verdict presents no question for decision. While the defendant seeks to use this and the other exceptions relied upon as a basis for his argument that there was no evidence to support the verdict on the issues answered against him, this exception comes too late. It has been held in this jurisdiction "with marked uniformity that an objection that there was no evidence or no sufficient evidence to support a verdict cannot be taken for the first time after the verdict has been returned." *Mincey v. Construction Co.,* 191 N.C. 548, 132 S.E. 462; *Moon v. Milling Co.,* 176 N.C. 407, 97 S.E. 213; *Wilkerson v. Pass,* 176 N.C. 698, 97 S.E. 466; *Lea v. Bridgeman, supra.*

Defendant's exception to the signing of the judgment is without merit. *Smith v. Smith,* 226 N.C. 506, 39 S.E. 2d 391; *Rader v. Coach Co.,* 225

N.C. 537, 35 S.E. 2d 609; *Query v. Insurance Co.,* 218 N.C. 386, 11 S.E. 2d 139.

It follows that the defendant's exceptive assignments of error relied on in this Court fail to point out any cause for disturbing the verdict rendered. Therefore, the judgment thereon must be affirmed. In the trial below we find

No error.