B. A. BRADHAM, E. M. REDDICK, A. TENNANT, R. W. BRADHAM, AND JULIUS McCOLLUM, TRUSTEES OF MT. OLIVET A.M.E. ZION CHURCH, v. A. D. ROBINSON.

(Filed 10 December, 1952.)

**1. Trial § 55—**

The judge, in the trial of an issue of fact under agreement of the parties, is required to state his findings of fact and his conclusions of law separately and adjudicate the rights of the parties accordingly, all in writing.

**2. Same—**

The findings of fact by the trial court under agreement will be construed to uphold the judgment if this may reasonably be done.

**3. Same—**

Where the issue of fact submitted to the judge is whether persons purporting to execute a mortgage on church property as trustees were in fact authorized to do so, the court's findings to the effect that the instrument was executed by individuals and that in so far as the church is concerned the instrument is void, will be construed as findings that such persons were

BRADHAM v. ROBINSON.

not authorized to execute the instrument, and thus support the decree that the instrument be canceled.

**4. Same—**

Where the judge dictates his findings to the court reporter and causes the reporter to transcribe them, it amounts to a finding of the facts by the judge in writing.

**5. Same—**

The failure of the judge to sign his findings of fact and incorporate them into the formal judgment rendered in the cause does not render the judgment void, there being a substantial compliance with G.S. 1-185.

**6. Mortgages § 27—**

Where the verdict of the jury establishes that the asserted mortgagor is not indebted to the mortgagee in any amount, the mortgage has no validity, and decree of cancellation is proper.

BARNHILL, J., concurring in result.

APPEAL by defendant from *Patton, Special Judge,* and a jury, at April Term, 1952, of GUILFORD.

Civil action to cancel a mortgage so as to remove the cloud resulting from it from a church's title to the land mortgaged.

The controlling facts are summarized in the numbered paragraphs set out below.

1. The plaintiffs B. A. Bradham, E. M. Reddick, A. Tennant, R. W. Bradham, and Julius McCollum are the present trustees of the Mt. Olivet A.M.E. Zion Church, a religious congregation, which is hereinafter called Mt. Olivet Church, and which adheres to the well established religious denomination known as the African Methodist Episcopal Zion Church.

2. Mt. Olivet Church owns a church building and a parsonage on Beech Street in Greensboro, North Carolina.

3. Under the Book of Doctrines and Discipline of the African Methodist Episcopal Zion Church, the trustees of each adhering church take and hold property for such church. The trustees cannot alienate or encumber such property without the consent of a majority of all the members of the congregation in meeting assembled and the consent of the annual conference or the bishop of the district in which the adhering church is located.

4. The defendant A. D. Robinson served as pastor of Mt. Olivet Church from "the fall of 1942 . . . until . . . the fall of 1945."

5. On 17 November, 1947, Caroline Davis, Eugenia Smith, and Viola Wade, who purported to act as trustees of Mt. Olivet Church, executed to the defendant a paper writing sufficient in form to mortgage the church building and the parsonage of the Mt. Olivet Church to the defendant as security for the payment of $3,600. According to the recitations of the

paper writing, this sum is due the defendant by the Mt. Olivet Church. The paper writing, which was forthwith registered in the office of the Register of Deeds of Guilford County, is hereinafter designated as the mortgage.

6. Subsequent to these events, the plaintiffs brought this action against the defendant to obtain a decree canceling the mortgage as a cloud upon the title of Mt. Olivet Church to its church building and parsonage. They allege as grounds for the cancellation of the mortgage that Mt. Olivet Church is not indebted to the defendant in any sum whatever, and that the persons who executed the mortgage had no authority to make it. Their complaint avers in detail that Caroline Davis, Eugenia Smith, and Viola Wade were never trustees of Mt. Olivet Church, and never had any authority from its congregation, or from the annual conference or the bishop of the district in which it is located, to encumber its property.

7. The defendant answered, denying the truth of the matters invoked by the complaint as grounds for the cancellation of the mortgage. The answer pleads in detail by way of counterclaim that Mt. Olivet Church owes the defendant $4,600 for moneys loaned and services rendered to it by him during his pastorate, and that the payment of a part of the debt, to wit, $3,600, is secured by the mortgage, which was executed to him by the duly authorized trustees of Mt. Olivet Church. The answer prays the court to award the defendant an affirmative judgment against the plaintiffs for the total amount of the debt, and to order the mortgage to be foreclosed for the satisfaction of the part of the debt secured by it. The plaintiffs filed a reply, denying the truth of the counterclaim and pleading the three-year statute of limitations as a bar to any recovery on it.

8. When the action came on to be heard before Judge George B. Patton, who presided at the April Term, 1952, of the Superior Court of Guilford County, the parties waived "a jury trial . . . on all matters . . . in controversy with the exception of the sole issue of indebtedness" and submitted "the remainder of the questions involved . . . (to) . . . the court . . . without the intervention of a jury."

9. The opposing sides undertook to support their respective allegations by offering evidence before the presiding judge and the trial jurors. The jury returned a verdict to the effect that Mt. Olivet Church is not indebted to the defendant in any amount, and Judge Patton made these findings: "The court is of the opinion from this evidence and so finds that . . . the purported mortgage deed is not binding on the church; that in so far as the church is concerned, it is a void instrument, it being an instrument executed by three individuals to this defendant, nothing more and nothing less; that so far as the church is concerned, it is void."

Judge Patton dictated these findings to the court reporter, who reduced them to writing. Judge Patton did not sign the findings after they were reduced to writing, or incorporate them in the formal judgment mentioned in the next paragraph.

10. After the jury returned its verdict and he made his findings, Judge Patton entered a formal judgment wherein he concluded the mortgage to be "void and unenforceable . . . as a matter of law," adjudged that the defendant is not entitled to recover anything of the plaintiffs on his counterclaim, and canceled the mortgage as a cloud on the title of Mt. Olivet Church to its church building and parsonage. The defendant excepted and appealed, assigning errors.

*E. M. Stanley for plaintiffs, appellees.*

*Henderson & Henderson and Percy L. Wall for defendant, appellant.*

ERVIN, J. The defendant makes these assertions by his assignments of error:

1. That the judge did not observe the provisions of G.S. 1-185, specifying that "upon the trial of an issue of fact by the court, its decision shall be given in writing, and shall contain a statement of the facts found, and the conclusions of law separately."

2. That the judge committed error in signing the judgment.

The pleadings in the instant case raise these issues of fact: Whether Mt. Olivet Church is indebted to the defendant; whether the persons who executed the mortgage to the defendant were authorized to do so by Mt. Olivet Church and the annual conference or the bishop of the district in which Mt. Olivet Church is located; and whether the counterclaim is barred by the three-year statute of limitations. The legal importance of the last of the issues is contingent on Mt. Olivet Church being indebted to the defendant.

The parties agreed upon an unusual mode for the trial of the issues of fact in the court below. They stipulated that the question of whether Mt. Olivet Church is indebted to the defendant should be left to the jury, and that the other issues of fact should be decided by the judge.

Where the trial of an issue of fact by a jury is waived by the parties to a civil action, the judge who tries the issue of fact is required by G.S. 1-185 to do these three things in writing: (1) To find the facts on the issue of fact submitted to him; (2) to declare the conclusions of law arising on the facts found by him; and (3) to adjudicate the rights of the parties accordingly. In performing this task, the judge must state his findings of fact and his conclusions of law separately. *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639.

The defendant argues with much earnestness on his appeal that the trial judge failed "to make any findings of fact" in respect to whether the persons who executed the mortgage to the defendant were authorized to do so by Mt. Olivet Church and the annual conference or the bishop of the district in which Mt. Olivet Church is located, and in that way ignored the plain statutory requirement that a judge who tries an issue of fact must find the facts on such issue.

Candor compels the reluctant observation that the able trial judge fell somewhat short of the exceedingly high standards which ordinarily characterize his judicial labors when he made his findings on the issue of fact under consideration. He ought to have couched his findings in specific language not requiring construction to reveal its meaning, and he ought to have embodied his findings in the document containing his conclusions of law and his adjudication.

Nevertheless, we are constrained to reject the position of the defendant on this phase of the appeal under the rule that the findings of the trial judge will be construed to uphold, rather than to defeat, the judgment, if this may reasonably be done. 64 C.J., Trial, section 1149. When the findings of the judge are interpreted in the light of the pleadings, issues, and evidence, they may justly be held to mean that the three persons who executed the mortgage to the defendant were not authorized to do so by the congregation of Mt. Olivet Church and the annual conference or the bishop of the District in which Mt. Olivet Church is located.

It thus appears that the judge found the facts on the issue of fact under consideration. Since he who does a thing through the agency of another does it himself, the judge found the facts in writing when he dictated his findings to the court reporter and caused the court reporter to transcribe them. He made proper conclusions of law and entered a proper adjudication on the facts found by him when he adjudged the mortgage to be "void and unenforceable" and ordered it canceled as a cloud on the title of Mt. Olivet Church to its church building and its parsonage. 12 C.J.S., Cancellation of Instruments, section 34. He certainly separated his findings of fact and his conclusions of law when he put them in different documents. These things being true, the judge complied in a substantial manner with all the requirements of G.S. 1-185.

The assignment of error based on the exception to the signing of the judgment raises the solitary question whether the facts found by the judge and the jury support the judgment. *Deaton v. Deaton,* 234 N.C. 538, 67 S.E. 2d 626; *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609. What has already been said makes it plain that the findings of fact of the judge justify the order for the cancellation of the mortgage. The verdict of the jury sustains the adjudication that the defendant is not entitled to recover anything of the plaintiffs on his counterclaim. Indeed,

the verdict also supports the order of cancellation. A mortgage which purports to secure the payment of a debt has no validity if the debt has no existence. 59 C.J.S., Mortgages, section 87.

For the reasons given, there is in law

No error.

BARNHILL, J., concurring in result: It is admitted that the plaintiffs are at present trustees of Mt. Olivet A.M.E. Zion Church. As such they are vested with the title to the church property. The jury found as a fact that they, as trustees, are not indebted to the defendant in any amount. So what boots it whether those who signed the alleged mortgage were then trustees or mere interlopers, or whether the mortgage, when executed, was void *ab initio* or a valid lien upon the church property, or whether the judge complied with the statute in finding the facts on the issue submitted to him?

So soon as the jury rendered its verdict, what the judge might or might not do in respect to the issue submitted to him became wholly immaterial.

The jury has found that plaintiffs are not indebted to defendant in any amount. The paper writing is still of record, uncanceled. It constitutes a cloud on the title of plaintiffs. As there is no valid exception directed to the jury trial on the issue of debt, the plaintiffs are entitled to a judgment decreeing its cancellation. A decree to this effect was entered. I therefore concur in the conclusion that no error is made to appear.