JERRY AYERS v. LOUISE MARIE NIXON AYERS, BY HER GUARDIAN AD LITEM, JERRY M. SHUPING.

(Filed 3 February, 1967.)

1. **Pleadings § 19—**

Demurrer to a cross-action set forth in the answer on the ground that the facts therein alleged are insufficient to constitute a cause of action in defendant's favor, is properly overruled if the facts alleged in the answer are sufficient to entitle defendant to any affirmative relief, even though the matters relied upon for affirmative relief and the matters relied upon as a defense are not separately stated.

2. **Husband and Wife § 9—**

A wife may maintain an action against her husband for assault and battery. G.S. 52-5.

3. **Divorce and Alimony § 5—**

In plaintiff's action for divorce on the ground of separation, defendant filed answer alleging that while the parties were living together as man and wife, plaintiff repeatedly assaulted defendant, and that on one specified occasion plaintiff knocked defendant across a counter at plaintiff's place of business. *Held:* Demurrer to the cross-action on the ground that it failed to allege facts sufficient to constitute a cause of action in defendant's favor should have been overruled. Whether cross-action for assault is appropriate in an action for divorce is not presented or decided.

4. **Abatement and Revival § 4—**

Where it does not appear from the pleadings that another prior action for substantially the same cause of action was then pending, the pendency of a prior action may not be raised by demurrer.

5. **Divorce and Alimony § 18—**

In the husband's action for divorce, the court should duly hear and pass upon defendant's application for attorney's fees *pendente lite.*

APPEAL by defendant from *Latham, S.J.,* July-August, 1966 Term of RANDOLPH County Superior Court.

This is a civil action in which the plaintiff filed an action for absolute divorce on the grounds of one-year separation. He alleges that he and Louise Marie Nixon Ayers were lawfully married on 21 July, 1956, and thereafter lived together as husband and wife, except for occasional separations, until on or about 14 January, 1962, when they separated, and that said separation is evidenced by a deed of separation dated 3 February, 1962, and recorded in Book 791, page 303, Randolph County Registry.

Upon application by attorneys representing the purported wife of the plaintiff, the Clerk of Superior Court found that she was a person *non compos mentis,* having a mentality of the moron level and therefore appointed a Guardian *ad Litem* to defend the divorce action of the husband.

Upon plaintiff's appeal to the Superior Court the presiding judge upheld the action of the Clerk.

Subsequently the defendant, Jerry M. Shuping, as Guardian *ad Litem* for his ward, Louise Marie Nixon Ayers, filed an Answer, further defense and cross-action. The further defense alleged that at the time of the purported marriage the plaintiff was a 36-year old business man, and that the ward was a girl 15 years of age with a third grade education, and had the mental level of a moron; that during the years the parties lived together the plaintiff's treatment of her was such that it became intolerable to the extent that, against her will and under duress, threats and fear for her life, she executed the paper referred to by the plaintiff as a deed of separation. She alleges that she received nothing for signing it and that it was not executed as required by G.S. 52-6. She described her physical condition as being such that she was unable to work except as a domestic servant, and asked that she be given an order of support and counsel fees pending the trial.

In the cross-action the Guardian *ad Litem* alleges that the plaintiff had illicit sexual relations with his ward prior to their purported marriage from which she bore him a child, and that later a second child was born. He alleged that on one occasion the plaintiff knocked her across a counter and on numerous other occasions assaulted her; that on the first day of February, 1962, which was just two days before they separated, he assaulted his ward and did everything possible to make life unbearable and as a result she was forced to leave their home; that she was at all times a dutiful wife and that the plaintiff's mistreatment was without any provocation whatever on her part, and seeks damages in the sum of $100,000, or permanent support.

The plaintiff demurred to the cross-action on the grounds that the further defense and cross-action did not state facts sufficient to state a cause of action. An order was entered sustaining the demurrer and the defendant appealed.

*Miller & Beck, Walker, Anderson, Bell & Ogburn for plaintiff appellee.*
*Ottway Burton, J. C. Barefoot, Jr., for defendant appellant.*

PLESS, J. The demurrer filed by the plaintiff to the defendant's further defense and cross-action is based upon his contentions that the defendant's pleadings do not state facts sufficient to constitute a defense against the plaintiff's action upon grounds of separation as alleged in the complaint, and do not state facts sufficient to constitute an action against the plaintiff for damages as prayed or the suit money demanded by her counsel.

This brings the plaintiff squarely within the succinct statement in 3 Strong's N. C. Index, Pleadings, Sec. 19: "The same rules apply to a demurrer to a counterclaim or cross-action set up in the answer (as apply to a complaint), and a demurrer to the counterclaim must be overruled if sufficient facts can be gathered from the entire answer to entitle the defendant to some relief, notwithstanding that the answer fails to state separately the matters relied upon as defenses and the matters relied on for affirmative relief."

And in *Pearce v. Pearce,* 226 N.C. 307, 37 S.E. 2d 904, the Court said: "The demurrer will not be sustained if facts sufficient to entitle her to some relief can be gathered therefrom".

In the same section Strong says: "If the complaint, in any portion of it, or to any extent, presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, it will survive the challenge of a demurrer based on the ground that it does not allege a cause of action. It is sufficient if the facts alleged entitle plaintiff to some relief, even though they are insufficient to entitle plaintiff to the relief prayed or to relief upon another theory of liability. Thus where the complaint alleges several causes of action, a general demurrer must be overruled if any one of the causes is sufficiently stated."

The above would, of course, apply to a demurrer to a counterclaim or cross-action.

"It is a well established rule in this jurisdiction that a complaint is sufficient to withstand a demurrer if it in any part or to any extent presents a cause of action, or if sufficient facts in support of a cause of action can be fairly gathered therefrom. *Hoke v. Glenn,* 167 N.C. 594, 83 S.E. 807; *Mills Co. v. Shaw, Comr. of Revenue,*

*supra; Brewer v. Wynne,* 154 N.C. 467, 70 S.E. 947. It is also held that a complaint which alleges two or more causes of action is good against a demurrer, if only one cause of action is sufficiently stated. *Meyer v. Fenner,* 196 N.C. 476, 146 S.E. 82; *Best v. Best,* 228 N.C. 9, 44 S.E. 2d 214." *Deaton v. Deaton,* 234 N.C. 538, at 540, 67 S.E. 2d 626.

Under G.S. 52-5: "A husband and wife have a cause of action against each other to recover damages sustained to their person or property as if they were unmarried." Referring to this statute, we said in *Shaw v. Lee,* 258 N.C. 609, 129 S.E. 2d 288: "At common law one spouse could not sue the other for personal injuries negligently inflicted. Our Legislature by statute modified the common law and permitted the wife·to sue the husband for injuries tortiously inflicted." See also 2 Strong's Index, Husband and wife, § 9.

Paragraph VI of the defendant's further defense and cross-action says in part: "That the plaintiff has threatened on numerous occasions to kill the defendant's ward and that on one occasion knocked the defendant's ward across a counter at the place of business the plaintiff runs, and on numerous occasions he has assaulted the defendant's ward and more particularly on or about the 1st day of February, 1962, he assaulted the defendant's ward."

The defendant has thus stated a good cause of action against the plaintiff for an assault upon her, and the demurrer cannot be sustained as to that phase of the pleadings, and for the reasons earlier stated the demurrer must be overruled.

It will be noted that the question of whether a cross-action for an assault is appropriate as a counterclaim in an action for divorce is not presented and, therefore, not determined.

Plaintiff also demurred upon the ground that at the time the cross-action was filed another action begun by the defendant against the plaintiff and for substantially the same purported cause of action, was pending. Since this does not appear from the pleadings, it is not appropriate ground for demurrer at this time.

The defendant in a motion says that the attorneys representing her in this action have been awarded no attorneys' fees, and that her application therefor has been ignored. She excepts to the court's failure to rule on this motion. Upon these pleadings the court should take appropriate action without delay.

Inasmuch as the action instituted by the wife for support which is referred to in plaintiff's affidavit was instituted prior to this action, it would appear that it should have preference in time of trying it over this proceeding. The results of that trial would have substantial bearing upon the present action.

For the reasons above stated, the ruling of the court in sustaining the plaintiff's demurrer to defendant's cross-action is hereby Reversed.