DELBERT RAY ANTHONY v. MAVIN VIRGIE ANTHONY

No. 7025DC150

(Filed 6 May 1970)

**1. Pleadings § 26—    demurrer to cross action**
     A demurrer to a cross action must be overruled if the allegations of the answer will entitle the defendant to any affirmative relief.

**2. Divorce and Alimony §§ 6, 16— alimony without divorce — cross action — adultery**

In the wife's cross action for alimony without divorce, an allegation that her husband had committed adultery is sufficient to withstand demurrer. G.S. 50-16.2(1).

**3. Divorce and Alimony § 2— judgment of absolute divorce — erroneous recital**

In a judgment awarding the husband an absolute divorce, a recital that no answer has been filed by the wife and that the time for filing answer has elapsed and no extension of time has been requested or granted, *held* erroneous, since the wife's answer, further answer, defense and cross action appeared in the record and were never stricken by the court or withdrawn by the wife.

APPEAL by defendant from *Whitener, District Judge,* October 1969 Session of BURKE County General Court of Justice, District Court Division.

This action was commenced by summons dated and served 25 January 1969. The complaint filed by Delbert R. Anthony (Anthony) on that date seeks an absolute divorce, on the grounds of one year separation, from Mavin V. Anthony (Mrs. Anthony). Mrs. Anthony answered, denying the material allegations of the complaint. As a further answer, defense and cross action, she alleged that she is unable to work because of a "nervous condition" and

"That on or about the 17th day of December, 1962, and prior thereto, the plaintiff herein did continually drink intoxicating beverages and regularly became intoxicated and did use alcohol in excess and did as a result thereof, curse, abuse and harass the defendant herein at all hours of the day and night, and did continually and often commit adultery with Minnie Pearl Fredale and other persons unknown to this defendant, and was otherwise guilty of such cruel treatment toward his wife as to constitute an abandonment of her, and did, on the 12th day of September, 1962, pack his clothing and abandon this defendant and did leave their home and habitat; that the plaintiff herein did curse, beat and abuse this answering defendant to such an extent and did offer such other indignities to this defendant as to render her condition intolerable and life burdensome;

"5. That after the abandonment of the defendant herein by plaintiff, that the plaintiff did conduct himself in such a manner that he was convicted of a crime and sentenced to the North Carolina State Prison Department, and was released therefrom on or about the 20th day of January, 1969; and that the plaintiff herein has failed and refused absolutely to offer any support of any kind or nature to this dependent spouse in order that she

might properly support herself and the children born of this marriage; . . . ."

Mrs. Anthony thereupon prayed for alimony *pendente lite*, attorney's fees, alimony without divorce and support for the four children of the marriage.

The plaintiff, Anthony, demurred to the cross action after all the evidence was presented. The demurrer was first denied and then sustained. The trial court then allowed an absolute divorce as prayed for by Anthony and entered the following judgment:

"The above captioned matter coming on for hearing and being heard before the undersigned·Judge Presiding of the 25th Judicial District Court, said hearing being held in Morganton, Burke County, North Carolina, and it now appearing to the court that summons in the above captioned matter was issued by the Clerk of Burke Superior Court on the 25th day of January, 1969, and that personal service of the said summons was had by the Sheriff's Department of Burke County, North Carolina, on the 25th day of January, 1969, and that no answer or other pleading has been filed by the defendant and that the time for filing answer has elapsed and that no extension of time has been requested or granted by the court. It further appearing to the court that the court has jurisdiction over both the parties and the subject matter herein. It further now appearing to the court that neither the defendant nor the plaintiff has requested a trial by jury; therefore, pursuant to G.S. 50-10, as amended and other statutes and case law, the court proceeded to answer the issues appearing in the record as follows:

"1. Has the plaintiff been a citizen and resident of North Carolina for more than six months immediately prior to the commencement of this action, as alleged in the complaint?

"ANSWER: Yes

"2. Were the parties hereto lawfully married as alleged in the complaint?

"ANSWER: Yes

"3. Have the parties hereto lived separate and apart for longer than one year immediately prior to the commencement of this action, as alleged in the complaint?

"ANSWER: Yes

"It further appearing to the court that there was born to this marriage four children, two (2) of whom are still minors, David

Anthony and Charles Anthony; that it further appearing to the court that the plaintiff is able-bodied and is self-employed and is able to contribute to the support of said minor children, David Anthony and Charles Anthony; it further appearing unto the court that the minor children, David Anthony and Charles Anthony, are living with the defendant-mother.

"It is therefore, considered, ordered and adjudged that the plaintiff is awarded an absolute divorce from the defendant and that the bonds of matrimony heretofore existing be and the same are hereby dissolved. It is further ordered that the plaintiff pay the sum of Thirty Dollars ($30.00) per week for the support and maintenance of his minor children, David Anthony and Charles Anthony, and that the first payment be made on Friday, October 24, 1969; it is further ordered that the plaintiff pay the cost of this action, as taxed by the Clerk of this Court.

"This the 21st day of October, 1969.

> "/s/   Mary G. Whitener
> Judge Presiding"

Mrs. Anthony appeals to this Court, assigning as error the failure of the trial court to allow certain types of cross-examination, and the sustaining by the trial court of the demurrer to the further answer, defense and cross action.

*Byrd, Byrd and Ervin, by John W. Ervin, Jr., and Joe K. Byrd, for plaintiff appellee.*

*Simpson and Martin, by Wayne W. Martin and Dan R. Simpson, for defendant appellant.*

HEDRICK, J.

[1] The first group of assignments of error in this case deal with the trial judge's sustaining a demurrer to the further answer and defense and cross action which was interposed at the conclusion of all evidence. A demurrer to a cross action must be overruled if the allegations of the answer will entitle the defendant to any affirmative relief. *Ayers v. Ayers,* 269 N.C. 443, 152 S.E. 2d 468 (1967).

The further answer and defense and cross action alleges:

"That on or about the 17th day of December, 1962, and prior thereto, the plaintiff . . . did continually and often commit adultery with Minnie Pearl Fredale and other persons unknown to this defendant."

G.S. 50-16.2 provides, in part:

"A dependent spouse is entitled to an order for alimony when:

"(1)    The supporting spouse has committed adultery."

Judge Whitener ruled:

"The court is going to reverse its ruling and sustain the demurrer of the plaintiff to the further answer and cross action of the defendant. The demurrer having been made to the action for alimony without divorce brought by the defendant in the cross action is sustained."

We hold that the allegation in the further answer and defense and cross action that the plaintiff, husband, had committed adultery is sufficient to withstand a demurrer, in view of G.S. 50-16.2(1). Mrs. Anthony's further answer, defense and cross action for alimony without divorce could not be dismissed since it could withstand a demurrer through the statement of at least one good cause of action. *Ayers v. Ayers, supra.* It follows that the order sustaining the demurrer must be set aside. In addition to praying for alimony without divorce, the defendant in her answer sought also to have the plaintiff's action for absolute divorce dismissed.

Judge Whitener's judgment recites that ". . . no answer has been filed by the defendant and that the time for filing answer has elapsed and that no extension of time has been requested or granted by the court." This is clearly inappropriate in the instant case since the defendant's answer, further answer, defense and cross action appears in the record and was never stricken by the court or withdrawn by the defendant. We must therefore assume, that after sustaining the demurrer, Judge Whitener erroneously failed to consider the defendant's pleadings in any respect. The defendant was entitled to have her answer, further answer, defense and cross action considered before the court proceeded to answer the issues and enter a judgment.

Since the court had jurisdiction of the minor children and of the plaintiff and defendant in this action, the order providing that the plaintiff (father) pay $30.00 per week for their support is not disturbed.

For the reasons stated, the order sustaining the demurrer to the defendant's further answer, defense and cross action is reversed and the judgment awarding the plaintiff an absolute divorce is reversed.

Reversed.

MORRIS and PARKER, JJ., concur.