STROUD, Judge, dissenting.
Because I do not believe that the 2011 amendments to *913 N.C. Gen. Stat. § 45-36.6 (2015)[4] would allow the type of mistake that Wells Fargo made in this case to be corrected by rescinding the cancellation of the deed of trust, I dissent from the majority. While I would also reverse the trial court's order, I would hold-unlike the majority-that the trial court should have granted summary judgment in favor of defendant and declared American National, not Wells Fargo, as the first priority lienholder.
The majority correctly states that the "crux of this case" is the meaning of the phrase "[i]f ... a security instrument is erroneously satisfied of record" contained in N.C. Gen. Stat. § 45-36.6. However, I disagree with the majority's contention that Wells Fargo's error was its act of cancelling the 2004 deed of trust of record. Wells Fargo was required by law to cancel the 2004 deed of trust. Indeed, the undisputed evidence shows that the loan secured by the 2004 deed of trust was, in fact, satisfied and terminated with the proceeds from the subsequent 2006 note secured by the 2006 deed of trust. Rather, Wells Fargo's "error" was failing to obtain an agreement from American National to subordinate American National's lien to Wells Fargo's 2006 deed of trust. When the 2004 note was satisfied and terminated, the 2004 deed of trust was no longer of any effect. See Walston v. Twiford , 248 N.C. 691, 693, 105 S.E.2d 62, 64 (1958) (" 'A mortgage which purports to secure the payment of a debt has no validity if the debt has no existence.' ") (quoting Bradham v. Robinson , 236 N.C. 589, 594, 73 S.E.2d 555, 558 (1952) ). At that point, it was Wells Fargo's obligation to cancel the 2004 deed of trust. See N.C. Gen. Stat. § 45-36.9(a) (2015) ("A secured creditor shall submit for recording a satisfaction of a security instrument within 30 days after the creditor receives full payment or performance of the secured obligation.").
Much of the majority's analysis is based upon legislative history and canons of statutory construction, although the briefs in this case did not really address legislative history or statutory construction. So my first concern is that the Court does not have the benefit of full briefing and argument of this rationale, although this is the first published opinion interpreting the 2011 amendments to Article 45.
It is true that the amendments were apparently intended to "modernize" the law regarding deeds of trust, as indicated by the bill's subtitle, which in full is "AN ACT TO MODERNIZE AND ENACT CERTAIN PROVISIONS REGARDING DEEDS OF TRUST, INCLUDING RELEASES, SHORT SALES, FUTURE ADVANCE PROVISION TERMINATIONS AND SATISFACTIONS, TERMINATIONS AND SATISFACTIONS FOR EQUITY LINE LIENS, RELEASE OF ANCILLARY DOCUMENTS, ELIMINATING TRUSTEE OF DEED OF TRUST AS NECESSARY PARTY FOR CERTAIN TRANSACTIONS AND LITIGATION, AND INDEXING OF SUBSEQUENT INSTRUMENTS RELATED THERETO." 2011 N.C. Sess. Laws 2011-312. On the other hand, as an act to "MODERNIZE ... TERMINATIONS AND SATISFACTIONS FOR EQUITY LINE LIENS," id. the bill could also be understood as intending to address mistakes where a home equity line of credit has been mistakenly cancelled when the balance was paid off, although the line of credit remains open, or a bank cancels the wrong deed of trust when a loan is paid off.
Under the original version of N.C. Gen. Stat. § 45-36.6 (2005), the erroneous cancellation of an equity line could only be rescinded if there was a balance owing on the line of credit when the erroneous cancellation occurred. That is, under the former statute, a " 'document of rescission' " could only be used to correct an error where "the secured obligation remains unsatisfied." N.C. Gen. Stat. § 45-36.6(a) (2005). But it is a modern reality that equity lines at times have balances owing and then are paid to zero, yet remain open and available to be drawn upon again. I believe that the deletion of the phrase "the secured obligation remains unsatisfied" was merely intended to "modernize"
*914 the statute to allow the erroneous cancellation of an equity line to be rescinded, even if the line had a zero balance at the time of the error.
I do not believe that the deletion was intended to apply in the situation in the present case where a deed of trust was cancelled because the loan it secured was paid off by a new loan secured by a different deed of trust. Wells Fargo intended to cancel the deed of trust in this case. The "error" was not based upon the homeowner's ability to borrow again on the note that had been paid off. Instead, that note had been satisfied, never to be drawn upon again, and replaced by a new note secured by a new deed of trust. The "error" was Wells Fargo's failure to do a title search when first filing the new deed of trust and then failing to obtain a subordination agreement. Wells Fargo did not "erroneously" cancel the 2004 deed of trust; it failed to get a subordination agreement from American National. This type of error was not correctable under the original version of N.C. Gen. Stat. § 45-36.6, and I do not believe that the 2011 amendment changes this outcome.
An equally possible legislative intent for this amendment was to address a situation where a home equity line of credit is mistakenly cancelled when no balance is owing although the credit line remains open. Under the law before the 2011 amendment, a wrongly cancelled deed of trust securing a home equity line of credit with no balance owing could not be revived, because at the time of the cancellation, the secured obligation was in fact satisfied. With the 2011 amendment, a home equity line of credit with a zero balance outstanding but which remains open and available to draw upon which is wrongfully cancelled can be revived simply by rescission of the cancellation.
Even accepting Wells Fargo's evidence as true and construing it in the light most favorable to Wells Fargo, under my interpretation of the statute, Wells Fargo cannot demonstrate any genuine issue of material fact, since the "error" it alleges is not the type of "error" which allows rescission under N.C. Gen. Stat. § 45-36.6(b). I would therefore reverse the trial court's order and remand for entry of an order granting summary judgment in favor of defendant and declaring that Wells Fargo's attempted rescission was ineffective and thus defendant holds a valid, enforceable first priority lien upon the real property.

As the statute has not been amended since 2011, we refer to the 2015 version, which accurately reflects the statute as it stood at the time the document of rescission was recorded in this case, on 27 August 2013.